PAUL J. SIMONS v. ELIZABETH SIMONS.

The 4th section of the Act of January 6th, 1841, concerning divorce and alimony, invests the District Court with power to exercise, within reasonable limits, a *discretion* in making partition of property between persóns who are divorced from the bonds of matrimony: its object is to confer authority upon the District Court, to make such a decree as will attain right and justice between the parties, under the circumstances of the particular case, and the limitation imposed by the statute itself.

To what extent the District Court may exercise this discretion, in cases of divorce, it is difficult to determine, in such manner as to make a rule on the subject applicable to all cases. A decree, clearly unjust to either party, or oppressive in its effect, would be a violation of the power .conferred by the statute, and subject to revision and correction.

ERROR from Walker. Tried below before the Hon. Peter W. Gray.

This suit was brought, in 1854, by the plaintiff in error, against the defendant in error, for a divorce.

In March, 1855, the defendant below filed a petition against the plaintiff, for an injunction to restrain him from disposing of the community property, owned by the parties. She filed her answer to the suit brought by the plaintiff, setting forth her cause of complaint, and praying for a divorce; and also that an

Simons v. Simons.

inventory of the community property owned by them, might be filed in court, by the plaintiff, and that one-half of the community property might be adjudged to her, and that she might be allowed alimony.

The two suits were, by order of the court, consolidated, and by an interlocutory order, $200 per annum was allowed to the defendant, as alimony.

There was a verdict in favor of the plaintiff, and a divorce was decreed; and the jury, in accordance with the instructions of the court, returned a schedule of the property owned by the parties, with their valuation thereof, as follows:

"Separate property of plaintiff, owned at the time of marriage, to wit:

"One store-house and lot (or part of lot) on public square, in Huntsville, No. 20, in block, 726 feet front, by 200 feet back,                         $1200 00

"A dwelling-house and three lots, in Huntsville, since sold, the same being now owned by Prof. A. E. Thorn,                         35 000

"Rent of lot and store-house, three years, at $200,*        800 00

"Secondly.—Property acquired since marriage. A part of the lot in Huntsville, bought of D. J. Ransom, on public square, south, and adjoining the above-named store lot, 28 feet front, by 200 feet back,                         250 00

"A family residence in Huntsville, opposite the residence of J. W. Wilson, including lot, No. —, worth,                         700 00

"Slave Franky,                         650 00

"Stock in drug store with Jacob Myers, $1500; less amount due on stock, $300,                         1200 00

"Rent of store property since suit,                         500 00

"Hire of Franky from purchase to date,                         100 00

"Interest on Simons & Bourn's debts, net profits,        367 01

* So in the record.—REPS.

"Thirdly.—By debts due by Simons at institution
of suit,                                 $1988 42
"Value of separate property sold,            350 00
"Rent of separate property till time sold,     100 00
"Amount of debts paid since institution of suit,   316 00.
"Balance of debts due,                     1672 42"

Upon this verdict, the court rendered the following decree, in respect to the partition of the property between the parties: "And it appearing from the finding of the jury, that, the value of the community property of the parties, at this time, is $3467, which is chargeable with the amount of debts existing at the institution of suit, which was $1988.42, and also with the sum of $350 for separate property of plaintiff sold during the marriage, but not with the rents of any of his separate property, nor alimony allowed, leaving a balance of $1128.59, community property, to one-half of which, each party is equally entitled, it is therefore considered and decreed by the court, that the defendant recover of the plaintiff the sum of $564.29, for her community interest aforesaid, for which execution may issue; and that she have a lien upon all of plaintiff's aforesaid property, to indemnify her against outstanding debts," &c.

The plaintiff assigned as grounds of error: 1. That the court erred in converting the proceeds of his separate property into community property. 2. In making the increase of lands (his separate property,) common property. 3. In giving to the defendant a larger amount than the verdict would warrant.

*A. M. Branch,* for the plaintiff in error.

*Leigh & Baker,* for the defendant in error.

BELL, J.—The plaintiff in error, Paul J. Simons, was the plaintiff in the court below. The court rendered judgment, on the verdict of the jury, dissolving the bonds of matrimony between the parties; and a decree was also made, ordering a divi-

sion of the estate of the parties. From so much of the decree as makes division of the estate of the parties, the plaintiff below prosecutes this writ of error; and errors in that portion of the decree of the court are also assigned by the defendant in the court below.

We are not able to perceive, that there is any error in the decree made by the District Judge, ordering partition of the estate of the parties. The 4th section of the Act of January 6th, 1841, concerning divorce and alimony, provides that "the court pronouncing a decree of divorce from the bonds of matrimony, shall also decree and order a division of the estate of the parties in such way as to *them* shall seem just and right; having due regard to the rights of each party, and their children, if any; provided, however, that nothing herein contained shall be construed to compel either party to divest him, or herself, of the title to real estate, or to slaves." This provision, taken as a whole, evidently intends to invest the District Court with the power to exercise, within reasonable limits, a discretion in making partition of property between persons, who are divorced by the court, from the bonds of matrimony. The object of the statute seems to be, to confer authority upon the District Court to make such a decree as will attain right and justice between the parties, under the circumstances which may attend the particular case, and under the limitation imposed by the statute itself. This was the view taken by this court, of this provision of the statute of 1841, in the case of Fitts v. Fitts, reported in 14 Texas Rep. 443. To what extent the District Court may exercise a discretion to do what may seem to be just and right, in the division of the estates of parties in cases of divorce, it might be very difficult to determine, in such manner as to make a rule on the subject applicable to all cases. Of course, if the District Court should make such a decree, as would clearly be unjust to either party, or oppressive in its effect, that would be a violation of the power conferred by the statute; and such a decree would be subject to revision and correction.

In the case before us, the District Judge caused the jury to

ascertain by their verdict, the amount of the plaintiff's separate property, the amount of the common property, and the amount of debts due by the plaintiff. He charged the community property, with the amount of the debts due by the plaintiff at the institution of the suit, the greater part of which remained due at the time of the rendition of the judgment; and he also allowed the plaintiff a credit against the community, of $350, for separate property of the plaintiff, sold during the marriage. The hire of a negro, purchased during the marriage, from the time of the purchase to the date of the decree, was counted as a part of the community. The rent of certain real estate in the town of Huntsville, amounting to a considerable sum, which real estate was the separate property of the plaintiff, was not taken into the account; probably because it was supposed to have been consumed in family expenses. One-half of the value of the community property, after deducting the amount of the debts, and the sum of $350, for separate property of the plaintiff sold during the marriage, was decreed to the defendant in the court below; and the judgment gave her a lien upon all the property of the plaintiff, to secure her against outstanding debts.

We cannot perceive that the division of property, established by the decree, was not right and just, under all the circumstances of the case. The judgment of the court below is therefore affirmed.

Judgment affirmed.