## J. C. ERVIN v. LOU ERVIN.

Decided April 30, 1910.

**Divorce—Partition of Property—Presumption—Statute.**

Under the provisions of article 2969, Sayles' Statutes, all effects which the husband and wife possess at the time the marriage may be dissolved by decree of divorce shall be regarded as community property, and the burden of proving the separate character of such property is upon him or her who asserts it. If separate property has undergone changes and mutations it is the duty of the owner to trace these changes and mutations and clearly identify his or her property. In the absence of such proof the property will all be regarded and treated as community property.

Appeal from the District Court of Lubbock County. Tried below before Hon: L. S. Kinder.

*H. C. Ferguson,* for appellant.

*Bean & Klett,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is a divorce proceeding instituted by Lou Ervin against J. C. Ervin, in which a decree was entered in favor of the plaintiff, and also dividing a community estate between the parties. The defendant also pleaded a cross-action for divorce, which was denied, and he has appealed.

The first complaint is that the court erred in granting the appellee a decree of divorce on the ground of abandonment when the proof shows that appellee, herself, had abandoned appellant. If there had been no testimony in the case save that of appellant, the contention, perhaps, would have been sound, but appellee testified that after the removal of herself and husband to Lubbock County (subsequent to the time when appellant alleges she abandoned him) they lived together for several months, and in this she is corroborated by the testimony of her neighbors. The character of the abandonment by the husband is made certain by his own emphatic testimony. No excuse whatever for his conduct is even suggested in the testimony further than that she refused to move with him to Lubbock County, which her own testimony and the circumstances flatly contradict.

But the principal bone of contention seems to be the estate which the court divided between the parties. It is the earnest insistence of appellant that this estate was for the most part his separate property. But the most that can be said of the proof is that, at the time of his marriage to appellee, he was possessed of a separate estate consisting of a small tract of land in Lamar County, but the evidence further shows that another tract was acquired in the same county after the marriage, and that both were sold for fifty dollars per acre upon leaving that county. The evidence further shows that appellant had ten or twelve hundred dollars in money which he made selling goods at Paris after the marriage, and that this sum, together with the proceeds of the land, was all the money he had when he left Lamar County, and was all placed together in the bank; that he went to

Hamilton County and bought some land there for which he paid eleven hundred dollars, and afterward went to Lubbock and bought the section of land and town lots in controversy in this case; appellant did not know which money he used in buying the Hamilton County land nor the Lubbock County property. He testified that he did not keep any separate account of the funds, but made "a duke's mixture" of the whole thing.

Article 2969, Sayles' Civil Statutes, reads: "All effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved." And it is universally held that the burden of proving the separate character of such property is upon him who asserts it. If separate property has undergone changes and mutations, it is the duty of its owner to trace these changes and mutations and clearly identify his property. See Speer's Law of arried Women, secs. 146, 181, 182, 183, 201, 232 and 326. This the appellant has not attempted to do, but he admits that he made a "duke's mixture" of the whole thing, and so it must remain.

No error is presented and the judgment is affirmed.

*Affirmed.*

Application for writ of error dismissed.