## THOMAS v. THOMAS. (No. 1278.)*

(Court of Civil Appeals of Texas. Beaumont. Nov. 6, 1925. Rehearing Denied Nov. 18, 1925.)

**1. Appeal and error ⬅⟿731(5)—General assignments to insufficiency of evidence not considered.**

In view of rules 24–27 for Courts of Civil Appeals, assignments of error directed to insufficiency of evidence must specifically point out alleged deficiency, and a general assignment, that judgment or verdict is against the great weight and preponderance of evidence and unsupported by evidence, cannot be considered.

**2. Divorce ⬅⟿253—Evidence of intermingling husband's funds with community held to warrant treating same as community property.**

Evidence in divorce action that husband intermingled moneys of his separate estate during the marriage with those of community estate, keeping no separate account, *held* to warrant finding that all cash on hand was property of community.

**3. Divorce ⬅⟿252—Spouse claiming separate ownership of property mingled with community property must clearly and distinctly trace same.**

Where separate property of husband or wife has undergone mutations, it will be treated in a judgment for divorce as community property, in view of Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, art. 4623, unless clearly and distinctly traced by spouse claiming same.

**4. Divorce ⬅⟿286—Husband cannot complain of that part of judgment entered by consent.**

In divorce action, husband cannot predicate error on verdict that certain community moneys had been spent on his separate homestead, where judgment recites that it was so adjudged by consent of parties.

**5. Divorce ⬅⟿252—Community estate must be reimbursed for community funds expended on improvements of separate estate.**

In division of properties on divorce, community estate must be reimbursed to the extent community funds have been expended in the improvement of husband's separate lands.

---

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Action for divorce by Leona Thomas against G. R. Thomas. Judgment was rendered for plaintiff, defendant's motion for new trial was overruled, and he appeals. Affirmed.

Howth, Adams & Hart, of Beaumont, for appellant.

J. M. Conley and P. D. Renfro, both of Beaumont, for appellee.

O'QUINN, J. Suit by appellee against appellant for divorce and for partition of community property. The case was tried to a jury upon two special issues, upon the answers to which judgment was rendered for plaintiff, appellee, granting the divorce, and finding that cash in the sum of $6,687 claimed by appellant as his separate property was community property, and the judgment by agreement of the parties disposing of all the real estate and certain personal property, and appointing commissioners to partition the property between the parties. Motion for new trial was overruled, and the case is before us on appeal.

Appellant presents three assignments of error, to the consideration of which appellee vigorously objects, insisting that they are each insufficient and not in compliance with the rules.

The first assignment is:

"The judgment granting the plaintiff a divorce is not supported by the evidence, and is against the great weight and preponderance of the evidence."

The second assignment is:

"The verdict of the jury finding that the defendant had so intermingled his separate funds with the community estate that same could not be separated is against the great weight and preponderance of the evidence, and unsupported by the evidence."

The third assignment is:

"The verdict of the jury and the judgment entered thereon to the effect that $1,555 was spent on the homestead situated on the 640-acre tract of land which is the separate property of defendant and was adjudged by the court is not supported by the evidence, and is against the great weight of the evidence."

[1] These assignments cannot be considered. They are too general, and not in compliance with the rules. They amount to no more than saying the verdict and judgment of the court are not supported by the evidence. Assignments of this kind have uniformly been held insufficient. They should state in what respect the evidence does not support the judgment or is contrary to the preponderating weight of the evidence. Rules 24, 25, 26, and 27 for Courts of Civil Appeals; Randall v. Carlisle, 59 Tex. 69; Yoe v. Montgomery, 68 Tex. 338, 4 S. W. 622;

Houston v. Blythe, 71 Tex. 719, 10 S. W. 520; Wilson v. Lucas, 78 Tex. 292, 294, 14 S. W. 690; American Legion of Honor v. Rowell, 78 Tex. 677, 15 S. W. 217; Denby Motor Truck Co. v. Mears (Tex. Civ. App.) 229 S. W. 994; Bean v. Hinson (Tex. Civ. App.) 235 S. W. 327; Roberts v. Williford (Tex. Civ. App.) 242 S. W. 797; Chapman v. Reese (Tex. Civ. App.) 268 S. W. 969 (writ refused).

As this court said in Bean v. Hinson, supra:

"Under the Texas appellate practice the higher courts have uniformly refused to enter into the investigation of testimony upon an assignment of error which goes no further than to state that the verdict or judgment or matter complained of is not supported by the evidence. The assignment should state in what respect the evidence does not support the verdict or finding—the particulars in which the evidence is insufficient—and not require the court to examine the whole statement of facts to see if it cannot discover some defect or weakness which the party complaining has not pointed out or called specifically to the court's attention."

However, we have examined the record, and believe that the evidence amply supports the findings of the jury and the judgment of the court entered thereon. The judgment adjudicating the property rights of the parties was, in the main, an agreed judgment disposing by agreement of all the lands of the estate and all of the personal property except one item of $6,687, which was claimed by appellant as his separate property, and also adjudging by agreement that the amount of $1,555, which had been expended out of community funds in improving lands admitted to be the separate property of appellant, was community, and that appellee was entitled to her one-half of same. So it appears that there was only one contested item of property shown by the judgment, and that is the $6,687 above mentioned. This was the proceeds of timber sold from lands that are admittedly the separate property of appellant, and which timber was sold and the money received after appellant's marriage to appellee, and by appellant invested and reinvested from time to time. The jury found that the appellant had not kept the proceeds of the sale of this property separate and apart from the moneys received during the 18 years he and appellee lived together as husband and wife, but that he had so indiscriminately intermingled same with the numerous and various sums of money received by him arising from the combined efforts of appellant and appellee and from the earnings of the community property that it could not be distinguished from the community funds, and upon this finding the court decreed the $6,687 to be community funds.

[2] The record abundantly shows that this man and his wife were industrious and energetic people. They were prudent in the management of their property and economical in

the expenditure of their income; they had accumulated much during the 18 years of their living together. Besides farming on a considerable scale, they were engaged in stock raising, having horses, cattle, hogs, sheep, and goats in considerable numbers, making sales from time to time of the stock and wool from the sheep, as well as the produce from the farm. Appellant also bought and sold real estate at times, notes, etc., constantly using the money coming into his hands from all sources. In handling the funds he did not keep any separate account of that derived from the sale of his separate estate (the timber sale above mentioned) and that coming from their joint efforts and community property, but deposited the sums so received in various banks, all in one account, indiscriminately, drawing therefrom in the making of his various deals and redepositing the proceeds of the various sales. This was his method of dealing during the whole of the 18 years he and appellee lived together. Appellant admits that he cannot distinguish the funds that belong to him as coming from his separate estate and that belonging to the community. He testified:

"The principal money that I make is clear money that I made from the sale of my cattle and hogs. I raised quite a number of hogs. When I married I had about 1,500 head of hogs, and when I married, I sold them to Mr. Nagles. I sold those hogs after I married. I have money deposited in the Buna State Bank, as well as the First National Bank here in Beaumont. It was from the sale of my hogs and cattle and so forth that I received the most of my money. I deposited some of the money I made from my hogs and cattle, sheep, and so forth in both the Buna State Bank and the First National Bank here in Beaumont. I do business with both banks. All the money I make I put it in one or the other bank. Whenever I want to make any investments I just take the money out of the bank and invest it, and whenever I collect anything on my investments I turn around and deposit that in the bank again. I do not keep a separate account for my separate money. I keep all of the money together and use it just like I do the rest of it. I didn't keep any separate books on the sale of cattle and hogs. I kept all money together. There were no separate books kept at all; in fact there were no books kept whatever. All of the money was deposited there together, and whenever I got ready to pay for anything or make any investments, or whatever it was I wanted to use the money for, I just drew the money out and used it in that way. I did not have any particular bank that I paid the taxes out of each year; all of the money was kept together and I paid the taxes out of that money that I had in the bank."

He further testified:

"Yes, sir; I allege that there is certain property which is my separate property; whenever I would sell any of my separate property I would take the money and deposit in the bank with the rest of the money. I did not keep it separate from the other money. I would deposit some of that money here in Beaumont and maybe I would deposit some of it at Buna. The greatest bulk of my money was all deposited here in Beaumont. The fact of the business is that I didn't keep no books, and I couldn't tell you what money was my separate money and what was the community money; it was all together. Whenever I would sell any stock, hogs, cattle, or goats, sheep or wool and so forth, all of the money was usually put in either the Buna State Bank or the First National Bank or whatever bank I was doing business with. Money was money to me; it was all money. It didn't make any difference to me; it was all money to me; when I got any money it was all good money to me, and whenever I wanted to make an investment I took the money and went ahead and invested it. I have lost quite a number of little deals that I made investments in. Mr. Keen has got some notes to show that I had to pay them off. I lost at first one thing and another."

He further testified:

"I don't know whether I am considered a prosperous farmer or not; that would be a pretty hard matter for me to say myself. I usually make a pretty good crop. I guess I make as good a crop as any one else in that part of the county. I suppose I have just about as much stock as the next man in that county. As I said in the beginning, I have always made most of my money out of my hogs and stock business."

[3] The presumption of law is that all the effects the husband and wife possess at the time the marriage is dissolved are to be regarded as community property, unless the contrary is satisfactorily shown. Article 4623, Texas Complete Statutes 1920. And where separate property has undergone mutations, the degree of proof required in tracing and identifying it as separate property is that between a preponderance of the evidence and evidence beyond a reasonable doubt. Generally expressed, the rule is that the separate property must be clearly and distinctly traced. Chapman v. Allen, 15 Tex. 278 (284); Schmeltz v. Garey, 49 Tex. 61; Edelstein v. Brown (Tex. Civ. App.) 95 S. W. 1127; Moor v. Moor, 57 S. W. 992 (writ denied);[1] Ervin v. Ervin, 60 Tex. Civ. App. 537, 128 S. W. 1139; Robb v. Robb (Tex. Civ. App.) 41 S. W. 92.

[4, 5] The matter complained of in appellant's third assignment, the record discloses, was adjudged by consent of the parties, the judgment so reciting. Therefore appellant cannot be heard to assert error. Moreover, as a matter of law, the community estate was entitled to be reimbursed to the extent of the community funds expended in the improvement of appellant's separate lands, of which amount so expended appellee is entitled to her one-half. Maddox v. Summerlin, 92 Tex.

---

[1] For corrected opinion, see 24 Tex. Civ. App. 150, 255 S. W. 231.

483, 49 S. W. 1033, 50 S. W. 567; Barber v. Barber (Tex. Civ. App.) 223 S. W. 866.

The judgment should be affirmed; and it is so ordered.

Affirmed.