**SAYLOR v. SAYLOR.** **(No. 7359.)**

Court of Civil Appeals of Texas. Austin.
July 17, 1929.

E. B. Anderson, of Goldthwaite, for appellant.

J. C. Darroch, of Brownwood, for appellee.

BLAIR, J. Appellee sued appellant for divorce, custody of their minor children, and an undivided one-half interest in 657 acres of land alleged to be community. Appellant claimed the land was either his separate property or that of himself and children of a former marriage, and that it was his only means of support; he being 76 years old and suffering from neuritis and unable to perform manual or other labor. Appellee replied that appellant commingled each of their separate funds with their community funds in such manner that neither could be distinguished, and used same in paying for the land, community debts, and interest and taxes on the land, and was therefore estopped to deny her community interest in the land, which was in any event impressed with a lien to reimburse her separate and community funds; that 200 acres of the land was homestead, and that an undivided one-half interest therein should be decreed to her in fee; that if she had no interest in the land, then she had a homestead right in 200 acres with the improvements thereon for life; and that she had no means of supporting herself and children except by their labor in connection with the use of the entire 657 acres of land, which was necessary for that purpose and should be awarded to them until the youngest child was of legal age. Appellant replied that, if the homestead was awarded to appellee, provision should be made for payment of the outstanding indebtedness against the land.

The court tried the case without a jury and granted the divorce and awarded appellee the custody of four girl children, ages 8, 10, 12, and 16 years. The court found that appellant had commingled the separate funds of each spouse with their community funds in such manner that neither could be distinguished, and, in order to adjust the equities of the parties, awarded appellee an undivided one-half interest in the 200-acre homestead in fee, the use of the 200-acre homestead for life, and the use of the remainder of the land for five years for the support of herself and children, charged, however, with an award of $10 per month to be paid appellant from the income of the land, except the homestead. The land, except the homestead, was decreed to be the separate property of appellant. The court approved the agreed division of the personal property. Each spouse was directed to pay one-half of the taxes and one-half of the interest on an $800 indebtedness against a part of the land.

By this appeal appellant attacks only the portion of the judgment disposing of the real estate, and further contends that the award of only $10 per month to him under the facts of the case was manifestly unjust and unfair.

The evidence shows that appellee owned some horses and cattle of the value of $450 at the time of this marriage. Appellant also owned horses and cattle. Shortly after the marriage, appellant sold one of appellee's horses for $65 and commingled and used the funds for community purposes. During the 23 years the parties lived together as man and wife, appellee kept a written account of the value of the increase of her live stock which totaled more than $1,000. A separate account was kept in her name in a bank which totaled $1,000. Appellant also kept a separate bank account in his name. There was no specific agreement that the increase of appellee's live stock would constitute her separate property, but appellant told her that he would see that she "never lost anything" and that she "got what was coming" to her. Appellant drew upon his wife's account and used the $1,000 in paying community debts and interest and taxes on the land in suit, some of which was purchased before this marriage and some afterwards. Appellee paid $23 for feed for appellant's live stock after their separation. The trial court found under this evidence that appellant used $1,023 of appellee's separate funds in paying community debts and taxes and interest on the land in suit. Appellant attacks this finding as not being sufficiently supported by the evidence under the general rule that all the increase of live stock owned by one spouse becomes the community property of the two, absent an agreement to the contrary. We think the fact that the parties kept an account of the value of the increase of appellee's live stock and a separate account in appellee's name in the bank of equal value is sufficient evidence of an implied agreement to consider such increase as appellee's separate property.

But, if the evidence should be held insufficient except the $65 for which appellee's horse was sold, and which is admitted to be her separate funds, the finding is not necessarily material, because the funds were in any event community funds and properly taken into consideration by the court in adjusting the equities of the parties, which question will be later discussed.

Another attack on the judgment is that the court erred in finding that all the land except the 200-acre homestead was the separate property of appellant, because it is contended that the evidence shows it was the property of appellant and his children of a former marriage. The children of the former marriage are not parties to this suit, and are not bound by the judgment if they have any interest in the land. They are all of legal age, and appellant is not shown to have any right to assert their interest. The land for the purposes of this divorce proceeding may therefore be regarded as appellant's separate property.

■ Nor do we sustain the attack on the judgment that the court erred in finding the 200-acre homestead to be the community property of this marriage, and in awarding appellee an undivided one-half interest in same in fee. The evidence shows that appellant purchased the southwest quarter of section 14 as school land from the state prior to this marriage, paying down one-fortieth of the consideration. Since this marriage he has paid the taxes and interest thereon with the commingled funds of the spouses' separate and community estates. There is still due the state $156 on this tract. Appellant purchased the northwest quarter of said section 14 after this marriage from a son of his former marriage, for which he claimed to have given a water tank and a grey mare belonging to the community estate of his first marriage, the value of this property being $240. Appellant assumed $156 still due the state on this land, and has paid the interest and taxes thereon with the commingled funds. A third tract of 337 acres was purchased by appellant after this marriage from a son of appellant's former marriage. Appellant claimed to have purchased this tract prior to this marriage, but that title was taken in the name of the son because of an existing judgment against appellant at the time, and that the son conveyed to him after this marriage. Appellant used the commingled funds to pay $258.50 of the consideration for this tract and also to pay taxes and interest on an $800 indebtedness against a part of it. The value of the land is not shown, but all of it appears to be of poor grade and of no great value. The 200-acre homestead is a part of the last tract purchased.

■■ The court found that "the proper legal disposition of the matter of equities arising between" the parties under the evidence detailed above, was to decree appellee "to be the owner in fee simple of an undivided one-half (½) of said 200-acre homestead, as her share and interest in the community property," and that all the remainder of the land be "decreed to be the separate property of the defendant." We sustain this action of the trial court. The two tracts last above mentioned were purchased after this marriage and are presumed to be community property. And, where the separate properties of the husband and wife have been commingled and have undergone mutations as in this case, it will be treated as community property, unless the spouse claiming it as separate property clearly and distinctly traces it. Moor v. Moor, 57 S. W. 992 (for corrected opinion see 24 Tex. Civ. App. 150, 255 S. W. 231); Edelstein v. Brown (Tex. Civ. App.) 95 S. W. 1126, 1130; Thomas v. Thomas (Tex. Civ. App.) 277 S. W. 210; Ervin v. Ervin, 60 Tex. Civ. App. 537, 128 S. W. 1139; Robb v. Robb (Tex. Civ. App.) 41 S. W. 92.

■■ The trial court had the right to and did reject the testimony of appellant that he paid for these two tracts out of community funds of the first marriage, or that one tract was purchased before this marriage. But, if he did pay for same out of such funds, still the property did not become the separate property of appellant and his children of the first marriage, but, under the rule that property acquired after marriage is presumed to be community and because appellant commingled the separate funds of the spouses with their community funds in such manner that neither could be distinguished, whatever interest he acquired became community property of this marriage. And, if the children of the first marriage acquired any right in the land because their funds were used in paying for same, they merely have a constructive trust in their favor to the extent of the amount of their funds so used. Hand v. Errington (Tex. Com. App.) 242 S. W. 722. They are not parties to this suit, and the property for the purposes of this divorce proceeding may be regarded as community property of the spouses and the separate property of the appellant as found by the trial court.

■ It was the duty of the trial court to adjust the equities and decree the respective interests of the parties in the land. This it did by declaring the 200-acre homestead to be the community property of this marriage, and awarding appellee an undivided one-half interest in fee, and by awarding the remainder of the land to appellant as his separate property. This division is clearly more favorable to appellant than to appellee, and appellant cannot complain of it.

■ Nor did the court divest appellant of title to real estate as contended by him. The court merely decreed the respective undivided interests of the parties in the land. The setting aside of the 200-acre homestead to appellee for life does not divest appellant of title thereto, nor does the setting aside of the remainder of the land for a term of five years for the support of appellee and the minor children awarded to her divest appellant of title. In making this disposition of the property the court did not abuse that wide discretion placed in it under the following rule announced in the case of Hedtke v. Hedtke, 112 Tex. 411, 248 S. W. 21, 23: "The court pronouncing a decree of divorce is invested with wide discretion in disposing of any and all property of the parties, separate or community, and that its action, in the exercise of such discretion, should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair. Simons v. Simons, 23 Tex. 348; Rice v. Rice, 21 Tex. 68; Gulley v. Gulley, 111 Tex. 233, 231 S. W. 97, 15 A. L. R. 564."

■ However, appellant contends that the disposition of the property is manifestly unjust and unfair to him because he is old and unable to work for a livelihood and is compelled under the decree to pay one-half the

taxes on all the land, one-half the interest on the $800 indebtedness against a part of the 337-acre tract, and all the interest on the $312 indebtedness due the state on the other two tracts, out of an award of only $10 per month from the income of the land, except the homestead. The amount of taxes and interest to be paid is not shown. Apparently one-half the interest would not be more than $35 or $40 per year. Appellant has about $200 in cash and 15 head of cattle; and, although appellant is 76 years of age, the evidence shows him to be well preserved for that age. Appellant is relieved from any liability for the support of the minor children. He has only himself to support. He brought about the conditions which necessitated this disposition of the property by his own conduct, and his plea that he is the father of twenty living children, fourteen of the first marriage all of legal age, and six of the last marriage all minors, and that he is old and in feeble health, does not necessarily entitle him to " 'his crust of bread,' and a corner in which to spend his declining years." The testimony is undisputed that he is a man of violent and ungovernable temper and has on several occasions struck and abused appellee. The evidence shows that the land could not be rented for any appreciable amount; that the fences were down, and it was in a bad state of repair generally. The court awarded the homestead to appellee for life; but only awarded the separate property of appellant to her for a term of five years. At the end of this period three of the six children will have reached legal age. The court finds that in no event would the rents from the land support all the parties at interest living apart; but that, by the use of it, appellee would probably be able to provide a livelihood for herself and minor children. It was the court's duty to adjust the equities of the parties and especially to care for the minor children, and, under the record presented, it has not abused its wide discretion in the matter, and, the disposition of the property cannot be said to be unjust and unfair as a matter of law, although it may work some temporary hardships upon appellant.

The remaining contention is that the court erred in setting aside the 200-acre homestead to appellee because same was not described in her pleadings. The petition described the homestead as being 200 acres of the 357 acres with the dwelling house and improvements thereon. Appellant in no manner attacked the sufficiency of these pleadings, and answered that, if the homestead was set aside to appellee, then the court should direct the manner of payment of an indebtedness against a part of the 337-acre tract. The decree of the court describes the homestead by metes and bounds, and no complaint is made that it is not properly and correctly described. We therefore conclude that appellant has waived any defect in the pleadings on account of the insufficiency of the description of the homestead.

We find no error in the judgment, and it is affirmed.

Affirmed.