## LEWIS v. LEWIS.
### No. 14618.

Court of Civil Appeals of Texas.
Fort Worth.

April 7, 1944.

Will R. Parker and Sol Gordon, both of Fort Worth, for appellant.

A. L. Wardlaw and Cline & Cline, all of Fort Worth, for appellee.

SPEER, Justice.

Plaintiff Ethel Lewis sued W. L. Lewis for divorce and a division of property. We shall refer to the parties as they stood in the trial court.

The petition alleged statutory grounds for divorce. Allegations as to property rights are rather vague, and, as best we can interpret them, they assert that there exists the following community property: A six room house on Lot No. 8, in Block No. 1, at 1330 St. Louis Avenue, Fort Worth, Texas; an 8 room house on Lot No. 7, in Block No. 21, Chambers Addition to Fort Worth; "One 5 room house in the City of Dallas, Texas"; one 1935 Lincoln Zephyr automobile and "one 1939 Pontiac". She prayed that she be awarded title to the property at 1330 St. Louis Avenue, and all furniture therein and that defendant be awarded title to the "Chambers Avenue" property, and that "they share alike as to the automobiles", and that the defendant may take whichever automobile he wants, and that the property at Dallas, Texas, be divided equally, and for general and equitable relief.

Defendant answered with general denial and specially pleaded that all of the property mentioned in plaintiff's petition was purchased by him from his separate funds and plaintiff had no community interest therein; that he had expended more of the community funds on plaintiff's separate property than on the property in controversy, claimed by plaintiff to belong to the community estate. He prayed that plaintiff take nothing. The statement made by us of the pleadings of the parties is perhaps more definite than is justified by the record.

Trial was to a jury. The verdict on special issues found plaintiff entitled to a divorce. The remainder of the verdict eliminated all rights of plaintiff to any interest in all the mentioned property except the house at 1330 St. Louis Avenue, and the furniture. No complaint is made of the verdict concerning any property other than the St. Louis Avenue house and

the furniture. She complains of the judgment entered thereon.

The court instructed the jury to find "for the defendant W. L. Lewis and against the plaintiff Ethel Lewis as to the one five-room house located in the City of Dallas, Texas, which was purchased by the defendant W. L. Lewis".

In response to an issue, the jury found the St. Louis Avenue house was worth, at the time of trial, $1850; that the amount of indebtedness against that property was $1057.93; that the amount of community funds theretofore paid on that indebtedness was $327.07; that defendant had paid on the St. Louis Avenue house out of his separate funds $200, and that $50 had been paid thereon out of the separate funds of plaintiff. There was another finding that $25 of community funds had been expended on plaintiff's separate property, not involved in this suit.

The judgment entered awarded to plaintiff a divorce and a money judgment for $201.03, payable by defendant on or before December 15, 1943, secured by a first lien on the Chambers Street property and a second lien on the St. Louis Avenue property, and awarded to defendant title to all property in controversy subject to the liens awarded in favor of plaintiff and a first lien theretofore existing on the St. Louis Avenue house. Plaintiff appealed.

As best we can judge from plaintiff's brief and oral argument, applicable to the issues claimed to be raised in the brief, her points of error may be said to be: (1) Error of the court in divesting her of title to her community interest in the St. Louis Avenue property, in a divorce proceeding in violation of Art. 4638, R.C.S., and (2) failure to have a jury finding on plaintiff's interest in the furniture. There is no separate point set out in the brief, regarding the failure to submit an issue concerning the furniture, but it was raised in the motion for new trial and argued in the brief. We shall later refer to this question.

Article 4638, R.C.S., cited and relied upon by plaintiff, reads: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

There were no children born to plaintiff and defendant, but insofar as applicable here, there is no distinction to be made on that account.

The quoted article of the statute has been the law of this state since 1841, except the early statute had added to it the words, "or slaves".

■ From the earliest times in our jurisprudence, there have been domestic troubles and divorces among married persons. When one or the other determines to sever the marital relation, as a rule one or both own separate property acquired by the means provided by law and it frequently happens that they have accumulated community property during the marital relation. The Legislature foresaw all this and wisely passed the law above referred to. "A wide discretion, within reasonable limits and in the interest of right and justice, is vested, by the statute, in the trial court as respects the partition of the property between the parties divorced." 15 Tex.Jur. 582, sec. 107. The discretion to be used by the trial court in making the division of property is measured by what he deems just and right under all the circumstances before him. The law enjoins upon him, when determining what is just and right, to take into consideration the rights of the parties; this discretionary power, however, is definitely limited to the extent that he may not, by decree, require a divestiture of title to real estate by either of the parties. The language of the act renders this construction obvious.

In the early case of Fitts v. Fitts, 1855, 14 Tex. 443, the title to slaves was involved. The court observed that in a divorce proceeding, because of the limitation of the court's power to divest one of the spouses of title to real estate or slaves, the inhibition did not preclude the placing of property in custody of a trustee for the benefit of one of the spouses.

In Rice v. Rice, 21 Tex. 58, the court reviewed the statutory procedure here under consideration and held that a trial court could under proper conditions not only require that separate property be placed in trust so that the proceeds therefrom could be applied to the support of the children, but that the same rule applied to community property, but added (21 Tex. at page 69): "The decree must not divest either party of their title in the lands or slaves."

In Craig v. Craig, 31 Tex. 203, divorce was granted and the court appointed a

commissioner and decreed that the large acreage tract of community land be divided into two parts of equal value and awarded to the wife the part containing the improvements. On appeal even that form of partition was criticized mainly because it was not clear that all the land was community. At any rate, it was held that the husband could not be divested of his title in the land.

In Tiemann v. Tiemann, 34 Tex. 522, 523, the trial court gave to the wife in a divorce hearing full title to the homestead, which constituted all of the community property, and the Supreme Court reformed the judgment and gave her a life interest therein so as not to divest the husband of his title, holding that the decree violated the statutory provision.

There are many general expressions found in cases to the effect that in a divorce action the trial court may, within his discretion, determine what portion of the community property, including the husband's separate estate, will be awarded to the wife. See Daniel v. Daniel, Tex.Civ. App., 30 S.W.2d 801. Similar broad language was used in Becker v. Becker, Tex. Civ.App., 299 S.W. 528. There it was held that because the division and disposition of property in a divorce suit is solely within the discretion of the trial court, a jury verdict on the question has no binding effect on the court. No doubt under the facts of such cases the language used was justified. In this respect, 15 Tex.Jur. 590, sec. 112, says: "It may be that in some instances the judicial observations may be explained by distinguishing the cases on their facts, since some may relate to personal property and others to real estate."

■ We have concluded that the better authorities in this state are to the effect that while a trial court in a divorce case has a wide discretion in determining a division of the property between the parties, he cannot by decree, in an effort to so equitably divide the property, divest either of title to real estate. In addition to cases above referred to, see Long v. Long, 29 Tex.Civ.App. 536, 69 S.W. 428; Aucutt v. Aucutt, Tex.Civ.App., 63 S.W.2d 755, writ dismissed; O'Neil v. O'Neil, Tex.Civ. App., 77 S.W.2d 554, writ dismissed; S.W.2d 269, writ dismissed; Ex parte Lowery v. Lowery, Tex.Civ.App., 136 Scott, 133 Tex. 1, 123 S.W.2d 306.

At least one Court of Civil Appeals has apparently attempted to announce a rule whereby the title to community real estate could be awarded to one of the spouses in satisfaction of their entire interest in the community estate. 15 Tex.Jur. 586, sec. 108, citing in footnote, Young v. Young, Tex.Civ.App., 23 S.W. 83. In the cited case a brief discussion of the conditions involved was made, and while the rule announced by 15 Tex.Jur., supra, is supported by the opinion, it is difficult to tell if the facts disclosed whether the realty was separate or community property. As we read the cases of Fitts v. Fitts, 14 Tex. 443, and Simons v. Simons, 23 Tex. 344, cited by the court as supporting the very broad interpretation given the statute, neither of those cases supports that holding. In Fitts v. Fitts, there was no statement of the facts before the court and no disposition was made in the decree of real estate. It was found that certain slaves were the separate property of the wife and that they were put in possession of a trustee so that the fruits of their labor would be appropriated for support of a profligate husband, but did not divest her of title to the slaves. It was held that there was no infringement of the statute. In Simons v. Simons, supra, there was a finding that the hire of a certain slave purchased during the marital relation, as well as rentals on the husband's separate real estate, constituted community property, and these items were taken into account in arriving at the aggregate of the community property; as so found, a division of community property was made between the parties. There is nothing to indicate that the trial court divested title to real estate or slaves out of the owner. The Supreme Court approved the division made.

Speer's Marital Rights in Texas, Sec. 632, takes cognizance of the holding in the Young v. Young case, supra, but as indicated above, we believe that neither the court in the cited case nor the author of the text book gives sufficient reasons why we should follow the interpretation given as against the many other cited cases holding to the contrary.

■ It has been held many times that where the community real estate is not susceptible to a division in kind, the court, in decreeing a divorce, may, among other things, appoint a commissioner and have the property sold and divide the proceeds. Certainly in one sense such proceedings would divest title to real estate out of both parties, yet it is one of the means provided by law for partitioning real estate. When real estate is partitioned

among joint owners, neither party is in law divested of title, but the result is to equitably determine that a designated portion thereof belongs to each. However, when, as in the instant case, the whole of the title is awarded to the husband, and, of course, none to the wife, it cannot be said that the community real estate was either divided or partitioned. We must sustain the first point of error presenting the question discussed.

█ Point designated by us as No. 2 above is referable to a failure of the court to submit an issue to the jury inquiring if the furniture was community property. A sufficient answer to the complaint is that no such issue was requested by plaintiff nor did she interpose any objections or exceptions to the charge given by the court. If any construction could be placed upon her pleadings which would mean that she alleged the furniture to be community property, her failure to request an issue to ascertain that fact was a waiver on her part of any such contention. Rule 279, Texas Rules Civil Procedure; Texas & N. O. R. Co. v. Sturgeon, Tex.Sup., 177 S.W. 2d 264.

The evidence in the case is presented in form of a narrative statement agreed to by the parties. The few pages in the bound document are so arranged that it is difficult to tell what each witness is supposed to have testified, in that some pages of the testimony of certain witnesses are inserted between pages containing the testimony of others; yet we have adopted our own means of ascertaining what each witness is supposed to have said. As thus revealed, there was a sharp conflict between the husband and wife as to the source of the furniture, raising a jury question.

There are other findings by the jury, which have no support in the testimony before us. It does not appear that any one gave any testimony as to the reasonable market value of the St. Louis Avenue property at the time of the trial, yet the jury found it to be worth $1850, which is $50 more than the parties contracted to pay for it. That enhanced value, if it existed, was community property. The deed of conveyance of the St. Louis Avenue house recited an original vendor's lien indebtedness against it of $1550, whereas the jury found that neither party had paid anything on the debt out of separate funds, that $327.07 had been paid out of com-

munity funds and that there remained unpaid thereon $1057.93. It is not at all improbable that some satisfactory explanation of these things would have been revealed if all the testimony had been brought up on appeal.

In the view we take of this appeal, however, none of those things influences our conclusions that the trial court could not, under the law, award to defendant title to the community real estate and divest the plaintiff's title out of her and substitute therefor a money judgment, even if it could be said the sum of money so awarded was equal to her interest in the real estate.

We may, with propriety, also mention the fact that neither the pleadings nor the judgment contains a sufficient description of some of the real estate to identify it, if, as and when the title is to be quieted in one of the parties; nor if it should be determined to be community, could a valid judgment be entered thereon. Very likely, the pleadings of both parties will be amended before another trial is had thereon.

The record before us indicates that plaintiff has been previously married three or four times, and the defendant has been married nine or more times. It is not disclosed how many of these previous marriages were dissolved by divorce, but each accused the other of having endeavored to beat previous spouses out of all community property. None of these things could or should alter the law applicable to this case. There are intimations in the narrative statement of facts which may be construed to mean that each of these litigants, based on previous experiences, knew quite well the nature and quantum of proof required upon the trial relating to divorce and were not ignorant as to their respective property rights as against each other.

Neither party has complained here because of the divorce granted to plaintiff and that part of the judgment by the trial court will be affirmed. But because of the error made in a division of the property above pointed out, the judgment with reference to any and all rights relating to real, personal or mixed property, whether owned individually or by the community, will be reversed and the cause remanded for another trial with respect thereto, as presented by the pleadings at that time, and not inconsistent with the conclusions herein expressed. Affirmed in part and reversed and remanded in part.