**Oren PARMETER, Appellant,**

v.

**Edna Havens PARMETER, Appellee.**

**No. 15844.**

Court of Civil Appeals of Texas.

Dallas.

June 9, 1961.

McCulloch, Ray & Rembert, Dallas, for appellant.

Leake, Henry, Golden, Burrow & Potts, and Duncan E. Boeckman, Dallas, for appellee.

DIXON, Chief Justice.

Appellant Oren Parmeter sued his wife Edna Havens Parmeter for divorce alleging that there was no community property to be divided. Appellee Edna Havens Parmeter filed an answer and a cross-action seeking a divorce in her own behalf and a division of the community property which she al-

leged had been accumulated during their marriage.

In a trial before the court sitting without a jury judgment was rendered granting appellant a divorce and dividing a comparatively small community estate.

The trial court in settlement of property rights made the following awards: 1. To appellee: (1) all property presently in her possession, consisting chiefly of clothes, jewelry (an engagement ring, a wedding band and a wrist watch) and, furniture owned by her at the time of the wedding; (2) the sum of $7,000 "as her interest in the community property"; (3) the sum of $1,000 attorney's fee incurred by her to be paid to her attorney by appellant. 2. To appellant: (1) all property presently in his possession (a Cadillac automobile, corporation stocks, personal effects, two houses and lots, etc); (2) the community interest, if any in (a) one Austin-Healey automobile, (b) one Impala Chevrolet automobile. (Appellee claims the Chevrolet automobile was a gift to her for her personal use. However appellant claimed, and the court held, that it belonged to the company by whom appellant was employed). (c) the balance in the bank account in the Republic National Bank, (d) one Bonanza airplane, (e) all other property not awarded to appellee. Appellant was also ordered to pay outstanding and unpaid bills in the amount of $2,200 and income taxes incurred during the marriage.

No findings of fact and conclusions of law were requested and none were filed.

Appellant complains only of the award of $7,000 to appellee "as her interest in the community estate." In three points he alleges that (1) there is no evidence of probative force to support the judgment, (2) the judgment is so contrary to the overwhelming weight of all the evidence as to be clearly wrong and unjust, and (3) appellee failed to sustain the burden of proof to show the existence of community property, which burden was on her since appellant filed an inventory and appraisement in which he denied there was any community property. These points require a careful study of the evidence.

The parties were married May 30, 1959 and lived together until some time in December 1959—a period of approximately six months. The suit for divorce was filed December 15, 1959. The judgment for divorce was entered March 29, 1960. At the time of the trial appellant was 68 years of age. Appellee was 53 years of age. They had known each other for many years before their marriage.

Prior to the marriage appellee had been employed by a corporation in Kansas City, Missouri. She had supported herself and two minor children. In her pleadings and her testimony she asserted that she was induced to give up her seniority rights and retirement privileges in her employment in order to marry appellant. Her separate property consisted of a few personal possessions and some household furniture.

At all times during their marriage appellant was employed at a salary of $37,000 per year by a corporation of which he is President and Chairman of the Board of Directors. The corporation also allowed him a liberal expense account.

In an inventory and appraisement filed March 15, 1960 pursuant to a court order appellant stated that he owned separate property of a value of $225,000, but the itemized list of properties and their value show a total value of the alleged separate property of $262,337.26. Appellant asserted that no community property had been accumulated during the marriage, but that community debts had been accumulated in the amount of $58,113.76. These alleged debts were not itemized.

During the marriage appellant maintained two bank accounts. A small account in the Preston State Bank was maintained primarily for the use of appellee. Some time prior to the divorce appellee drew out the balance of $500 in this account.

A larger account was maintained in the Republic National Bank. At the time of the marriage there was approximately $7,610.13 in the latter account. At the time of the divorce there was $4,515.28. However, the record shows that between the time of the marriage and the divorce the total of the deposits made by appellant in the Republic National Bank account amounted to $48,299.11. Community and separate funds of appellant were commingled in this account.

It is undisputed that during the marriage appellant acquired property by purchase as follows: 1. One 1959 Austin-Healey automobile for which he paid $3,200 and which in his inventory and appraisement he lists at a value of $3,100. 2. One Beechcraft Twin Bonanza airplane which he lists in his inventory and appraisement at a value of $54,086.24. 3. One television for which he paid $304.24.

It is also undisputed that during the marriage appellant made payments for the benefit of his separate estate as follows: 1. The sum of $750 on a note against a house and lot owned prior to the marriage. Appellant received rent payments on this property of $45 per month. 2. The sum of $19,800 in monthly payments on one Cessna airplane.

Appellant also made payments during the marriage as follows: 1. The sum of $1,200 for furniture for the home of the maid and houseckeeper. This money was being paid back in monthly installments by the maid's husband. 2. The sum of $3,600 in monthly installments on one Beechcraft Bonanza airplane

Though the Bonanza airplane was bought during the marriage, appellant claims that both the planes, the Cessna and the Bonanza, belonged to his separate estate. These airplanes figure prominently in appellant's financial activities so they must receive our particular attention.

The Cessna plane according to appellant's own testimony was purchased February 4, 1959 before the marriage for $55,411 plus $2,616.60 interest. His down payment on the plane was $25,000 or $30,000. This is the plane on which he made payments amounting to $19,800 during the marriage.

On December 3, 1959 shortly before this divorce was filed on December 15, 1959, appellant bought the new twin Beechcraft Bonanza for $83,647.32. On the purchase price he was allowed a trade-in value of $35,000 on the Cessna plane, and he signed a note for the balance due of $48,647.32. During the marriage he made several monthly installment payments on the last named note.

Appellant admits that during the marriage he paid the sum of $23,400 in installment payments on the two planes. However, he claims that there is no equity in the Bonanza plane because depreciation has caused its value to be less than the remaining balance due on the purchase price.

We are of the opinion that appellant's three points on appeal should be overruled. Since no findings of fact or conclusions of law were requested and none were filed, it is our duty to view the evidence in a light most favorable to appellee. If there is any evidence of probative force to sustain it we must uphold the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609. In this case the evidence is sufficient to uphold the court's implied finding that there was community property notwithstanding appellant's claim to the contrary.

Art. 4638 Vernon's Ann.Civ.St. vests a wide discretion in the trial court in the division of property on divorce. Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002; 20 Tex.Jur.2d 545. The statute does not require an equal division of common property. Williams v. Williams, Tex., 325 S.W.2d 682. The evidence here supports the conclusion that the division was "fair, just and equitable", taking into consideration the condition of the parties. Graham v. Graham, Tex.Civ.App., 331 S.W.2d 499;

**54**

Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538; Stanley v. Stanley, Tex.Civ. App., 294 S.W.2d 132.

 Appellant Oren Parmeter commingled his separate funds with community funds in the Republic National Bank account in such a way that the two funds cannot be traced and separated. There was a balance of $7,610.13 in the account when he married. This was separate property. There was a balance of $4,515.28 in the account in March 1960. But meantime, during the marriage, deposits in the account had totalled $48,299.11. Appellant does not show that these deposits were separate funds. He does say that a part of the deposits was money refunded to him by his company for expenses which he had paid. But he does not itemize said refund payments or even state the total amounts of said refunds. In the absence of a tracing of the alleged separate funds (other than the $7,610.13 in the account at the time of marriage) the money deposited in the Republic National Bank account must be considered community property. Bantuelle v. Bantuelle, Tex.Civ.App., 195 S.W.2d 686; Ervin v. Ervin, 60 Tex.Civ.App. 537, 128 S.W. 1139. The matter is of importance because the record shows, as we have already pointed out, that community funds were used to pay debts owed by appellant's separate estate. Since the Bonanza plane was bought during the marriage it must be considered community property unless bought with separate funds. However, if we accept appellant's claim that both planes belonged to his separate estate, we must hold that the entire sum of $23,400 spent on the planes during the marriage was applied to the payment of debts of the separate estate of appellant. Certainly appellant's separate estate owes an accounting to the community estate.

 Appellant testified that neither estate had any equity in the Bonanza plane because of the rapid depreciation in value of the plane. He gave no figures as to values or depreciation. It was a general statement by an interested party, so could not have done any more than raise a fact question. In a divorce action such uncorroborated evidence coming from the husband alone is not conclusive on the question whether there was any community property. Rylee v. Rylee, Tex.Civ.App., 244 S.W.2d 717, 720.

Appellant's three points on appeal are overruled.

The judgment of the trial court is affirmed.