**I. F. OWENS, Appellant,**

**v.**

**Venna OWENS, Appellee.**

**No. 6805.**

Court of Civil Appeals of Texas.

Beaumont.

Dec. 30, 1965.

Robert F. Atkins, Cold Springs, for appellant.

Coker & Coker, Conroe, for appellee.

PARKER, Justice.

Appellee Mrs. Venna Owens sued I. F. Owens, appellant, for divorce and division of property. A jury was waived. The District Court of Montgomery County granted the divorce, dividing the property by awarding appellee an undivided ½ in-

terest in a 31.4 acre tract of land and all of the household furnishings on such property which the court found to be community property, with the other undivided ½ of such land and all other property being awarded to appellant, including farm implements and vehicles.

Appellant's first point of error is:

"The trial court erred in holding that appellant and appellee were married when the evidence showed they were divorced in 1944, and there is no evidence to show a common law marriage, because there is no evidence of a present intent of the parties to be husband and wife."

In considering this "no evidence" point, that part of the record most favorable to appellee supporting the judgment of the trial court is controlling. I. F. Owens married Venna Owens in 1940. On May 5, 1944, he divorced her, according to judgment of the district court of San Jacinto County, Texas. She was cited by publication. Immediately before and after May 5, 1944, I. F. Owens and Venna Owens lived together as husband and wife in Corpus Christi, Texas, where he was stationed in the service. He told her about the divorce decree, at the same time assuring her it wasn't worth the paper it was written on. They continued to live together as husband and wife the entire month of May, 1944. Nevertheless, on May 23, 1944, I. F. Owens married Miss Hazel Inez Mann in Kleberg County, Texas. The legal officer at the base in Corpus Christi advised him to divorce Hazel Mann. Hazel Mann divorced appellant in the district court of Nueces County prior to the time appellant went overseas. Mrs. Venna Owens testified:

"Q. Do you know when he got the divorce?

A. When he left for Corpus in the Navy.

Q. What year was that?

A. That was '44.

Q. That was the time that you separated for six or eight weeks?

A. That's right.

Q. And after you went back together, you lived with him as husband and wife?

A. Sure did.

Q. Held yourself out to be his wife?

A. Yes, sir.

Q. Did he act towards you and hold out to others that he was your husband?

A. He sure did. He made me acquainted with people I didn't know as his wife."

"Q. When did you decide that you were married to him by a common law marriage?

A. When I went back to him in '44."

Both conducted themselves as husband and wife. During the months of July and August, 1944, I. F. Owens was living in a fishing shack on the beach but phoning appellee from the base. In August, 1944, they again began to live together as husband and wife. Shortly thereafter he went overseas. When he returned from overseas duty in 1945 Venna Owens met him in Houston. Together they went to his father's home in Point Blank where they lived together as husband and wife for two years. While living at his father's house, the appellant testified.

"Q. Did you have intercourse with her?

A. Certainly."

Then they opened up a store, largely on credit, and continued to live together as husband and wife until the final separation on June 26, 1963. From the time he returned from overseas until 1963 they conducted themselves as husband and wife. She ran the store; he made money as a

commercial fisherman. Several individuals of that community testified they considered Venna Owens and I. F. Owens to be husband and wife. One such witness, Louis Walters, testified:

"Q. As far as you know, have they hold themselves out to be man and wife?

A. Yes, sir."

Appellant named her as his wife on income tax returns. The elements of a common law marriage consist of: (1) an agreement presently to be husband and wife, (2) living together as husband and wife, and (3) holding each other out to the public as such. There is ample probative evidence establishing all elements of a common law marriage. Humphreys v. Humphreys, 364 S.W.2d 177 (S.Ct.1963); Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682. Appellant's point of error No.1 is overruled.

■ Appellant's second point of error is:

"The trial court erred in granting a divorce, if the parties were married, due to lack of grounds for a divorce.

Appellee Venna Owens testified that at 3:00 o'clock in the morning of June 26, 1963, she was having trouble with her arm and medical attention was needed. Appellant told her she was running him crazy, refused to spend any more money on her, piled her belongings on the porch and told her to leave and get in touch with her daughter to pick her up. That night such daughter did take her to a hospital in Conroe where an operation was performed upon her arm. After this occurrence, Mrs. Owens remained separated from appellant. Appellee's ground for divorce was cruel treatment. The above facts as to what occurred and caused the separation satisfies and supports such plea of cruel treatment. Appellant's second point of error is overruled.

■ Appellant's third point of error is:

"The trial court erred in awarding appellee one-half of the land involved in this suit because it was purchased with separate funds of appellant."

When appellant returned from overseas service he testified he deposited his overseas pay in the First State Bank in Livingston. He was not certain as to the amount. He deposited other money from fishing, from the store and other sources in the same bank and wrote many checks on this bank prior to the purchase of the 31.4 acre tract of land. In 1950 the 31.4 acre tract of land was purchased. Appellee testified that the money used to purchase the land in question was income she and appellant had from the store and from the fishing operation. Appellee in no manner traced the funds he claimed to be his separate property, and admitted he commingled such funds with community funds. It appears that considerable money in cash and credit was spent in opening up the store about 1947. Money was spent for farm implements and vehicles. Assuming that the common law marriage was consummated in 1945 and not in 1944, the presumption is that the land was community property. The uncorroborated evidence from Owens alone that the land was purchased with part of his overseas pay is not conclusive in this divorce action on the question of existence of community property. The court found that the land was accumulated during the course of their marriage as the community property of appellant and appellee. Evidence of probative force supports such finding of the trial court as incorporated in the judgment. Appellant's point of error No. 3 is overruled. Parmeter v. Parmeter, 348 S.W.2d 51 (Tex.Civ.App.1961) and cases cited therein.

Judgment of the trial court affirmed.