Oscar W. HILLIARD, Appellant,

v.

Lorene O. HILLIARD, Appellee.

No. 05–84–01205–CV.

Court of Appeals of Texas,
Dallas.

Aug. 5, 1985.

Brad Freeman, Lewisville, for appellant.

Edward E. Brown, Dallas, for appellee.

Before STEPHENS, DEVANY and HOWELL, JJ.

DEVANY, Justice.

This is an appeal by Oscar W. Hilliard, husband, from a divorce decree entered July 31, 1984. Husband disputes the award of a one-half interest in a house and lot in Lewisville to Lorene O. Hilliard, wife. In his sole point of error husband claims that the trial court erred in awarding wife a one-half interest in this house because the house was his separate property. Finding no abuse of discretion by the trial court in its division of the property, we affirm.

Husband and wife were married on October 26, 1980. Husband testified that he participated in a corporation with his brother and sister-in-law, which was formed in early 1979 for the purpose of buying, repairing, and reselling houses. Husband testified that his initial contribution was $300.00. Husband further testified that while a total of six houses were repaired, only one house was completed before he was married. He also stated that he did not work on any houses after he was mar-

ried. Wife, however, testified that husband did work on houses during the marriage. Husband also stated that he was neither paid a salary by the corporation nor did he receive any dividends. He testified that the corporation was dissolved during the marriage and that he received $10,300 in cash and a house with an equity of $22,000.

Husband contends that the court erred in awarding wife one-half of the house since it was received upon dissolution of the corporation and is, therefore, his separate property. While all property acquired during marriage is presumed community property, husband contends that the introduction of evidence of separate property shifts the burden of proof to the party claiming community ownership. He claims that his testimony and statements made by wife and her attorney constitute evidence that the house is separate property. Finally, husband claims that the corporate dissolution was a change in form of the separate property from intangible personal property (corporate stock) to realty and that, because there was no comingling, tracing was not required.

It is evident that the corporate stock was separate property, since it was acquired before coverture. However, we do not know if there are any community charges against this asset. Furthermore, we know that dividends are community income as distinguished from a mutation resulting from an exchange of corporate stock for cash or other assets. Because husband did not provide the trial court with sufficient evidence that the house was a mutation, through the introduction of corporate minutes, a deed, or other evidence, the trial court could readily have found that the presumption of community property was not rebutted and the house was community property.

A divorce decree must contain an order dividing the estate of the parties in a manner deemed just and right by the trial court. TEX.FAM.CODE ANN. § 3.63 (Vernon Supp.1985). The trial court has wide discretion in the division of property and such division will be disturbed only when an abuse of discretion is shown. *Cockerham v. Cockerham,* 527 S.W.2d 162, 173 (Tex.1975). We hold that husband failed to show that the division of property was unjust and manifestly unfair.

 Property possessed by either spouse on dissolution of the marriage is presumed to be community property. TEX.FAM.CODE ANN. § 5.02 (Vernon 1975). This presumption is rebuttable and the burden of proof is on the party seeking to rebut the presumption. *Logan v. Barge,* 568 S.W.2d 863, 867 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). The party claiming separate property is required to establish its separate character by clear and convincing evidence. *Newland v. Newland,* 529 S.W.2d 105, 107 (Tex.Civ.App.—Fort Worth 1975, writ dism'd). To discharge this burden, the party claiming separate property must trace and clearly identify the property claimed as separate property. *Cockerham,* 527 S.W.2d at 167; *McKinley v. McKinley,* 496 S.W.2d 540, 543 (Tex.1973). Such tracing involves, in particular, establishing the origin of the asset and how the spouse claiming such asset as separate property obtained possession. *See Mortenson v. Trammel,* 604 S.W.2d 269, 274 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

 Husband claims that he met his burden through his testimony and certain statements made by wife and her attorney. Husband's uncorroborated testimony, however, is not conclusive as to whether the house was separate or community. *See Parmeter v. Parmeter,* 348 S.W.2d 51, 54 (Tex.Civ.App.—Dallas 1961, no writ). Husband failed to make the deed purporting to give him title to the house a part of the record. He also failed to include as part of the record any agreement, or corporate records with regard to the dissolution of the corporation. He thus failed to meet his burden of rebutting the community presumption. *See Purser v. Purser,* 604 S.W.2d 411, 413–14 (Tex.Civ.App.—Texarkana 1980, no writ).

 In addition to his testimony, husband claims that statements made by wife and her attorney constitute judicial admis-

sions. Husband seeks to rely on the opening statement of wife's counsel in which wife's attorney stated that "Mr. and Mrs. Hilliard were married in 1980 and at that time he was a participant in a corporation ... comprised of him [sic] and his brother and his sister." Husband also relies on wife's statement that husband was "partners" in the corporation established before they were married. In addition, counsel for wife stated during closing arguments that he had a deed "from the corporation of Mr. Hilliard." In order to be considered a judicial admission, the statement made must be deliberate, clear, and unequivocal. *Kuehn v. Kuehn,* 594 S.W.2d 158, 160 (Tex.Civ.App.—Houston 1980, no writ). We find that these statements are not judicial admissions. *Id.* At most, these statements imply the existence of a corporate entity and the existence of a deed. They do not, however, establish that a dissolution took place. These statements are declarations against interest which may be considered some evidence but are not conclusive. They are not formal waivers of proof or stipulations and thus do not bind wife. *Mendoza v. Fidelity and Guaranty Insurance,* 606 S.W.2d 692, 694 (Tex.1980).

Because no findings of fact or conclusions of law were requested and none were filed, it is our duty to examine the evidence in a light most favorable to appellee, wife. *Parmeter,* 348 S.W.2d at 53. We hold that there is sufficient evidence to uphold the trial court's implied finding that the house and lot in Lewisville were community property and we further hold no abuse of discretion in the division of the property. Husband's sole point of error is overruled.

Judgment affirmed.