AMERICAN EMPIRE LIFE INSURANCE COMPANY and The National Trust & Security Company, Appellants,

v.

A. HAKIM and Ofelia Hakim, Appellees.

No. 5263.

Court of Civil Appeals of Texas.

El Paso.

March 12, 1958.

Owens & Purser, Austin, for appellants.

Gerald B. Shifrin, El Paso, for appellees.

FRASER, Justice.

Appellees, A. Hakim and Ofelia Hakim, brought this suit against the defendants, American Empire Life Insurance Company and The National Trust & Security Company, both of which are described in appellants' brief as Texas corporations with principal offices in Austin, Travis County, Texas. The defendants each filed their plea of privilege, and appellees filed a controverting plea thereto. Upon trial thereof before the court, appellants' pleas of privilege were overruled.

Plaintiffs brought their suit, describing it as one for breach of contract and fraud, alleging that one Ernest Friedman, representing himself as an agent for the insurance company defendant, had sold plaintiffs 100 shares of stock in the insurance company at $13.50 per share. Plaintiffs further alleged that Friedman had promised and guaranteed to them that the other defendant, The National Trust & Security Company, would purchase the stock in the insurance company at any time plaintiffs wished to sell, and would pay them in cash whatever they had paid for the stock. Plaintiffs allege that, although they frequently requested and demanded that their stock be repurchased, defendant Trust Company has consistently failed to do so, and defendant insurance company has consistently failed to do anything about it.

In support of their case, plaintiffs submitted a signed copy of the contract entered into between them and Friedman. This contract shows that they agreed to buy $1,350 worth of stock and, at the top of the contract, there is printed in large letters,

"American Life Insurance Company, 2612 Guadalupe Street, Austin, Texas." After describing the amount of the sale, then the various provisions of the contract are set forth, and the last small printed line stating as follows: "Pay only by check, draft or money order payable to National Trust & Security Company." Then follow the names of plaintiffs printed to indicate how the certificate should be issued, and under their names the address was given as "Canutillo, Texas." It is then signed by A. Hakim and E. Friedman. In addition to this agreement, on the form of the defendant insurance company, there is also an exhibit on the stationery of defendant, National Trust & Security Company, stating that they are obligated to purchase from the original purchaser any stock bought in the insurance company at the same price paid to the insurance company. Another exhibit is the prospectus describing the defendant insurance company, with a picture of its building, pictures of some of its officers, and other data and information.

Appellants have vigorously contested the action of the trial court in denying the plea of privilege, setting up that plaintiff has failed to prove residence of plaintiffs, corporate existence of defendants, and the agency of Friedman, among other things.

We do not believe that the plaintiff has made out a case of fraud under Subdivision 7 of Article 1995, Vernon's Ann.Tex.St., in that he has not shown a direct intention to defraud plaintiffs; but he has, we think, developed, as far as this matter is necessary, that he may well have a case of breach of contract. There just isn't any testimony, anywhere, or sufficient evidence, to show fraud.

■ Nor do we believe that the plaintiff has satisfactorily controverted the plea of privilege filed by the National Trust & Security Company. There is an exhibit, which seems to be a mimeographed form, stating that this defendant guarantees to repurchase the insurance company stock. This paper apparently was handed Mr. Friedman

in Austin, and he presumably showed it to Mr. Hakim in El Paso County. But the record does not establish Mr. Friedman as agent for the Trust Company, and the only transaction involving them happened in Austin when the insurance company handed this particular exhibit to Mr. Friedman. Without going further into the record, we simply hold that there is not sufficient evidence here to hold the Trust Company, and their plea of privilege, accordingly, will be sustained.

■ With regard to Subdivision 23, Article 1995, V.A.T.S., we believe that plaintiff has substantially met the requirements of those exceptions to the privilege of the defendant to be sued in the county of his residence. There is no doubt but what this matter took place in El Paso County. The agent so testified, and further testified that Hakim lived in Canutillo, and we here can take judicial notice that Canutillo is in El Paso County, Texas. The agent, Friedman, testified that the transaction took place in the store of Mr. Hakim at Canutillo; that the contract was signed there, and that Mr. Hakim gave Mr. Friedman his check there at that time, for $1,350, which Mr. Friedman then forwarded to the American Life Insurance Company at Austin. This, we think, justifies the court in its action, as it is an action against corporations, brought in the county in which the cause of action arose. Defendants have admitted, in their brief, that they are a Texas corporation, with their principal place of business in Austin. The Statement of Facts reveals that here, in El Paso County, at Canutillo, Friedman, in his conversation, guaranteed the Hakims that they could get their money back at any time from the Trust Company defendant. Friedman also testified that the letter from the National Trust & Security Company was delivered to him by the insurance company defendant. He also testified that he had talked to Mr. Hakim in El Paso County, Texas.

■ On the basis of all these facts, we believe that plaintiff has substantially met

the requirements of Subdivision 23, Article 1995, V.A.T.S. Although defendants contest the contention of plaintiffs that Friedman was an agent, his testimony shows that he went to Austin, met with the man whose picture is on the prospectus as President of the insurance company, was given the prospectus and many other papers and, upon his return to El Paso, made the deal with Mr. Hakim in El Paso County, at Canutillo. The insurance company defendant, according to the record, received Mr. Hakim's check, cashed it, and issued him the stock, all through this contract executed on their stationery by Mr. Friedman. We think this evidence sufficient to establish both the ratification of the agency acts by Mr. Friedman, and to serve as an estoppel, estopping the company from denying his credentials and activities as an agent for the insurance company. In any event, there can be no doubt, we think, under the other provision of exception 23 that, whether or not defendants had an agent in El Paso County, the transaction certainly did take place here. Subdivision 23 states as follows:

"Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, * * has an agency or representative in such county; * * *".

It is elementary that every reasonable intendment must here be indulged in favor of the decision of the trial judge. We think, therefore, that the trial judge's action is justified by the record and the Statement of Facts. Ohio Oil Co. v. Varner, Tex.Civ. App., 150 S.W.2d 185; Gleason v. Southwestern Sugar & Molasses Co., Tex.Civ. App., 214 S.W.2d 640; Ed Friedrich Sales Corp. v. Deitrick, Tex.Civ.App., 134 S.W.2d 760, and cases therein cited.

The action of the trial court is therefore affirmed with reference to its holding in regard to the plea of privilege of American Empire Life Insurance Company, and reversed in regard to the plea of privilege of National Trust & Security Company and remanded, with instructions to the trial court to sustain its plea of privilege.