**Hayden C. COVINGTON, Appellant,**

v.

**Chauncey ESKRIDGE and Muhammed Ali AKA Cassius M. Clay, Jr., Appellees.**

**No. 14691.**

Court of Civil Appeals of Texas.

San Antonio.

July 17, 1968.

Hayden C. Covington, New York City, for appellant.

M. W. Plummer, Houston, for appellees.

CADENA, Justice.

Appellant, Hayden C. Covington, plaintiff below, appeals from an order of the District Court of Wilson County sustaining the plea of privilege filed by defendants, Chauncey Eskridge and Muhammed Ali, a/k/a Cassius M. Clay, Jr., and transferring the cause to Harris County.

In their plea of privilege, defendants asserted that at no time relevant to the determination of venue were they residents of Wilson County, and that at all relevant times each defendant was a resident of the City of Chicago, Illinois. By an instrument designated as a "supplement" to the plea of privilege, defendants alleged that they are domiciled in Chicago, Illinois, "and that they have business interests in the state of Texas and that during the transaction of business they have and do now reside in the City of Houston, Harris County, Texas which is their place of residence in the State of Texas."

■ The word "domicile" as used in our venue statute, Article 1995, Vernon's Ann.Civ.St., has been held to mean "residence," which is "a lesser-included element within the technical definition of domicile." Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136, 139 (1951). It is, therefore possible for a person to have a domiciliary residence in Illinois and a second or "venue residence" in Texas. Taylor v. Wilson, 99 Tex. 651, 93 S.W. 109 (1906). A resident of Texas, though he be a citizen of, and have a residence in, another State, may invoke the privileges conferred by our venue laws. Gulf, C. & S. F. R. Co. v. Rogers, 37 Tex. Civ.App. 99, 82 S.W. 822 (Houston 1903, writ ref'd).

■ We believe that the allegations in the plea of privilege, as "supplemented," were sufficient to bring defendants within the protection of the "second residence" rule

recognized in Snyder, Taylor and Rogers. Since a plea of privilege is prima facie proof of the defendants' right to a change of venue, it was incumbent on plaintiff, after filing a proper controverting affidavit, to prove all facts essential to maintenance of the action in Wilson County. Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896 (1922); Donley County State Bank, Clarendon v. Stockstill, 380 S.W.2d 887 (Tex.Civ.App.— Amarillo 1964, no writ). Appellant here, then, had the burden of proving either that defendants did not, in fact, have a residence for venue purposes in Texas, or that he could maintain venue in Wilson County under one of the exceptions to the statutory requirement that a defendant must be sued in the county of his residence.

■ We consider, first, the question relating to the maintenance of the suit in Wilson County under one of the exceptions to the venue statute. Insofar as pertinent to this appeal, appellant relies on Subdivision 7 of Article 1995, which provides that in cases of fraud, suit may be filed in the county where the fraud occurred. Since there is no evidence even tending to show that either defendant committed any act of fraud in Wilson County, appellant cannot claim the protection of this exception.

The evidence heard by the trial court relating to defendant Eskridge contains nothing disputing his claim to a Texas residence in Harris County. The situation with respect to Muhammed Ali is somewhat interesting. In his plea of privilege he claims a Texas residence in Harris County. Yet, in a suit filed against him by Covington, plaintiff in this case, in the United States District Court for the Southern District of Texas, Houston Division, Ali filed an affidavit denying that he was a resident of Harris County. On the other hand, Covington, who now insists that Ali is not a resident of Harris County, filed a pleading in the Federal case alleging that Ali is a resident of Harris County, and also filed an affidavit in that case swearing that Ali was a resident of Harris County, while maintaining other residences in Illinois,

Florida and Kentucky. Further, in the case at bar, Covington's petition alleges that Ali is a resident of Harris County.

 We do not concern ourselves with the rules relating to judicial admissions. Such rules, even if applicable here, leave us groping in total darkness, since if Ali's pleadings and affidavits in the Federal case constitute an admission that he does not have a residence in Harris County, Covington's pleadings and affidavit in that case must necessarily constitute an admission that Ali is a resident of Harris County. At best, the situation presented a conflict in the testimony which the trial court resolved in Ali's favor. We see no reason to disturb the trial court's action.

The judgment of the trial court is affirmed.