**PAYNE & KELLER, INC., Appellant,**

v.

**SOUTHWEST TANK & TREATER COMPANY, Appellee.**

No. 676.

Court of Civil Appeals of Texas, Tyler.

Feb. 22, 1973.

Rehearing Denied March 15, 1973.

Ben H. Sheppard, Jr., Vinson, Elkins, Searls, Connally, Smith, Houston, for appellant.

Gordon Wellborn, Rex Houston and Wellborn & Houston, Henderson, for appellee.

DUNAGAN, Chief Justice.

This appeal is from an order overruling a plea of privilege. Appellee, Southwest Tank and Treater Company, is a corporation with its office and principal place of business in Henderson, Rusk County, Texas. Appellant, Payne & Keller, Inc., is a Texas Corporation with its office and principal place of business in Houston, Harris County, Texas.

Appellee instituted this action in the 4th Judicial District Court of Rusk County, Texas, to recover sums allegedly owing for goods sold and delivered to appellant.

Appellant filed a plea of privilege to be sued in Harris County, the county of its residence. Appellee filed a controverting affidavit under subdivision 23 of Article 1995, Vernon's Ann.Tex.Civ.St., alleging venue in Rusk County on the ground that the cause of action, or a part thereof, arose in Rusk County.

Appellee instituted suit against appellant for the sum of $16,264.50 on a tank contract whereby appellee fabricated certain steel tank work under order from appellant and from which appellant has refused payment although it did tender partial payment to appellee.

The only question presented on this appeal is the sufficiency of the evidence to

support the trial court's finding that appellee's cause of action, or a part thereof, arose in Rusk County in accordance with the provisions of subdivision 23 of Article 1995, V.T.C.S.

Mr. Earl Clem, Vice President of Southwest Tank and Treater Company, appellee, was the only witness who testified on the plea of privilege hearing.

Mr. Clem testified that in February of 1972 he received a call from Mr. John Wylie who was with Payne & Keller, Inc., the appellant, inquiring as to whether Southwest Tank would be interested in submitting a bid on a tank to be built for Chemical Phosphate Company. From the information received through the telephone conversation, Southwest Tank complied and submitted its bid to Payne & Keller. Following this discussion over the telephone, and one personal conference in Houston, the appellant submitted its purchase order to the appellee for the sale and delivery of the fabricated steek tank. Pursuant to receiving the purchase order appellee prepared its shop drawings and submitted same to appellant for approval. The shop drawings were approved by appellant in Houston by telephone. The tank was built in appellee's shop in Rusk County. As a condition of the proposed sale, the purchase order expressly specified "approved shop drawings required before fabrication." There was no firm deal until appellee sent the shop drawings to Houston and the drawings were approved by appellant.

Mr. Clem testified:

Q. So your deal with Payne & Keller then was subject to their approval of your shop drawings?

A. Yes, sir.

Q. So you didn't have a firm final deal until you sent the drawing down and they approved it, is that correct?

A. Yes, sir. That would be correct.

Appellant's purchase order expressly called for delivery by truck f.o.b. at job-site. The delivery of the goods to appellant was a condition of the sales agreement or contract. The appellee delivered the goods to the jobsite at Pasadena, Harris County, Texas, and the contract was consummated when appellee delivered the materials to the jobsite. Mr. Clem testified as follows:

Q. Now, referring * * * to the purchase order, it says shipment via truck, f.o.b. jobsite; now, did Southwest Tank and Treater deliver these items to the jobsite?

A. Yes. They did.

Q. Did you use your own trucks?

A. Yes, sir.

Q. So, is it fair to say the deal was consummated when you delivered those goods down there at the jobsite?

A. When we delivered the materials to the jobsite, yes, the job was completted, and it was due and payable at this time."

"A 'cause of action' consists of the factual propositions which establish (a) the plaintiff's 'primary right,' i. e., the defendant's duty, also often called the 'genesis of the right,' and (b) the defendant's act or omission which violates such right." McDonald, Texas Civil Practice, Vol. 1, sec. 4.30.2(I).

There is no evidence of an agreement or contract fixing the place of payment. Since the agreement or contract failed to fix the place of payment in Rusk County, venue may not be maintained in Rusk County by virtue of appellant's alleged omission or refusal to pay. West Flour Mill, Inc. v. Vance, 430 S.W.2d 232 (Tex.Civ.App., Tyler, 1968, writ dism.); Shamrock Oil and Gas Corporation v. Price, 364 S.W.2d 260 (Tex.Civ.App., Amarillo, 1963, n.w.h.). The determination of the venue issue, therefore, turns on whether appellee has demonstrated, by a preponderance of the evidence, that the

"primary right" or the "genesis of the right" against appellant arose in Rusk County, Texas. Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674 (1936) and McDonald, Texas Civil Practice, Vol. 1, sec. 4.30.2(I). The evidence conclusively establishes that the contract was "made" or entered into in Harris County when appellant approved and accepted the shop drawings by telephone from Houston in Harris County, Texas, and by reason thereof venue of suit is placed in Harris County, rather than Rusk County. The law is well established that a contract is made at the place where the acceptance of an offer is given. Corporation R, Inc. v. Gary Greene Co., 476 S.W.2d 921 (Tex.Civ.App., Houston (14th Dist.) 1972, n.w.h.); National Furniture Mfg. Co. v. Center Plywood Co., 405 S.W.2d 115 (Tex.Civ.App., Tyler, 1966, writ dism.); Early-Foster Co. v. A. P. Moore's Sons, Inc., 230 S.W. 787 (Tex.Civ.App., Texarkana, 1921, n. w. h.).

■ The undisputed evidence also conclusively establishes that the contract was performed outside of Rusk County. For this additional reason venue cannot be sustained in Rusk County by virtue of subdivision 23 of Article 1995, V.T.C.S., because the contract here involved was consummated in Harris County, Texas, and since the contract is a part of the cause of action for damages for its breach, venue will be sustained in the county where the contract is consummated. Smith Tank & Equipment Co. v. Shaffer Tool Works Co., 439 S.W.2d 679 (Tex.Civ.App., Tyler, 1969, n.w.h.); West Flour Mill, Inc. v. Vance, supra.

■ Appellee had the burden of proving the venue facts by a preponderance of the evidence. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935). Since this appeal is from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of the trial court's judgment. McFarling v. Maltby, 350 S.W.2d 373 (Tex.Civ.App., Eastland, 1961, n.w.h.); James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 323 (1959). This we have done.

■ No part of appellee's alleged cause of action against appellant arose in Rusk County insofar as the evidence before us shows. The sole fact that the goods were manufactured in Rusk County, under the circumstances shown by the evidence, does not give rise to the alleged cause of action or a part thereof.

Subdivision 23 of Article 1995, V.T.C.S., expressly limits venue to the county where the cause of action or a part thereof arose; it does not establish venue in a county where the plaintiff maintains its operations or where evidentiary matters transpired. The courts have recognized that evidentiary facts occurring in the county of suit, proof of which may be necessary to establish the ultimate elements of a cause of action, do not necessarily constitute a "part of the cause of action" for venue purposes. "It does not follow that all facts which it is necessary to show in order to maintain suit on a cause of action constitute a part of the cause of action." Kay & Company v. Lanark Corp., 301 S.W.2d 499 (Tex.Civ.App., Galveston, 1957, n.w.h.). In Shamrock Oil and Gas Corporation, supra, Chief Justice Denton reasoned in a concurring opinion as follows:

"* * * The fact production of gas was obtained in Sherman County is an evidentiary matter. Proof that production was had, in addition to the amount of production, will be essential on the trial of the case on its merits in order to establish the amount of damages, if any; *but production itself does not constitute a part of the cause of action for venue purposes.* * * *" (Emphasis ours.)

For the above reasons the judgment of the trial court is reversed and rendered and it is ordered that the cause be transferred to a District Court of Harris County, Texas.