Lenwood WALLACE, Appellant,

v.

INCOME PROPERTIES/EQUITY
TRUST OF SANTA ANA,
CALIFORNIA, Appellee.

R. Marshall MILLER, Appellant,

v.

INCOME PROPERTIES/EQUITY
TRUST OF SANTA ANA,
CALIFORNIA, Appellee.

Nos. 12443, 12447.

Court of Civil Appeals of Texas,
Austin.

June 9, 1976.

Rehearing Denied June 30, 1976.

J. L. Culpepper, Houston, for Lenwood Wallace.

Paul C. Murphy, III, Murphy, Fenley & Lee, Houston, for R. Marshall Miller.

Douglass D. Hearne, Stayton, Maloney, Hearne & Babb, Austin, for appellee.

PHILLIPS, Chief Justice.

These two plea of privilege cases were docketed separately by this Court; one was heard in oral argument and the other submitted on briefs; however, as they involve identical questions and the appellee (the plaintiff below) is the same in both cases, we are consolidating them for the purpose of this opinion.

The appellee, Income Properties/Equity Trust of Santa Ana, California, brought suit in Williamson County on a promissory note against Sea Plaza, Inc., and against Lenwood Wallace, A. W. Charpiot, R. Marshall Miller, and E. N. Harper as guarantors under a contemporaneously executed guaranty agreement. Charpiot answered by general denial and appellants Wallace and Miller responded by pleas of privilege and general denials. Appellee filed controverting affidavits maintaining that venue was proper in Williamson County under Tex. Rev.Civ.Stat.Ann. art. 1995, subsection 4, as Charpiot was a resident of Williamson County and the remaining defendants were proper parties to the suit.

Trial was to the court and appellants' pleas of privilege were overruled. We affirm this judgment.

Appellants assign error to the judgment of the trial court in that appellee failed to either plead or prove a cause of action against the resident defendant. Due to our disposition of this case, we do not reach appellant Miller's point that he was denied an adequate opportunity to be present at the venue trial.

In order to establish venue against a nonresident under Article 1995, subsection 4, a plaintiff must plead and prove that (1) one defendant resides in the county of suit; (2) the plaintiff has a bona fide cause of action against the resident defendant; and (3) that the nonresident defendants are at least proper parties to the claim against the resident defendant. *O. P. Leonard Trust v. Hare,* 305 S.W.2d 833 (Tex.Civ.App.1957, writ dism'd), 1 McDonald, Texas Civil Practice § 4.10.2 (1965).

Appellants contend that appellee failed to plead ownership of the note, execution and delivery of the note, and that the balance due had not been paid.

In paragraph 11 of its petition appellee alleged:

"The Defendant, Sea Plaza, Inc., is the *maker* of that certain real estate lien note dated December 28, 1973, in the principal amount of $250,000 *payable* to Plaintiff, a copy of which is attached . . . The Defendants Miller, Harper, Wallace, *Charpiot* are personal guarantors of such note pursuant to that certain *guaranty agreement executed* contemporaneously with and attached . . . ." (Emphasis added)

In our judgment, the trial court correctly overruled appellants' pleas of privilege because appellee sufficiently pleaded and proved a cause of action against the resident defendant Charpiot, and established the appellants as proper parties to that cause of action. Consequently, the court acquired jurisdiction over appellants, as nonresident defendants under Art. 1995, subsection 4.

It is undisputed that Charpiot was a resident of Williamson County. In addition to appellee's pleadings, the original note

and guaranty agreement were introduced into evidence, admissions and answers to interrogatories were filed, and testimony was taken before the court. No findings of fact or conclusions of law were requested or filed. Accordingly, all necessary fact findings in support of the order overruling the plea of privilege are implied and in determining whether there is any evidence to support the order, the record should be reviewed in the light most favorable to the order. *Pittsburgh Plate Glass Co. v. Bragg,* 383 S.W.2d 623 (Tex.Civ.App.1964, writ dism'd).

■ Appellee alleged that Sea Plaza, Inc., was the "maker" of the note. By definition, the maker is "one who makes or *executes.*" *Black's Law Dictionary,* 4th Ed. (1968). Although, we have found no Texas cases on this point, other jurisdictions have held that pleading "maker" is a sufficient pleading of "execution." *Rawleigh v. Snider,* 207 Ind. 686, 194 N.E. 356 (1935). Here the allegation that the contract was made is equivalent to an allegation that it was executed, and the word "executed" includes delivery. Also see *Hazelet v. Holt County,* 51 Neb. 716, 71 N.W. 717 (1897), holding that "made" is equivalent to "execute."

■ Although appellee did not plead that it was the present owner of the note, ownership is sufficiently averred by a plaintiff who is payee of the note and who pleads that the defendant *executed and delivered* the note to it. *Peters v. Lyles-Madry Implement Co.,* 41 S.W.2d 69 (Tex.Civ.App. 1931, writ dism'd), 9 Tex.Jur.2d Bills and Notes § 343 (1969).

■ Even though appellee did not plead that appellants "executed and delivered" the note to it, delivery need not be pleaded when the plaintiff is payee of the note and has possession thereof. *Aydelotte v. Anderson,* 280 S.W.2d 945 (Tex.Civ.App.1955, no writ).

■ Under Rule 93, Texas Rules of Civil Procedure, denial of execution of an instrument in writing must be verified or the written instrument shall be received into evidence as fully proved. Neither Charpiot nor any of the other co-defendants filed such a sworn denial. In the absence of such denial, execution will be deemed admitted at the plea of privilege hearing, *Heldt Bros. Trucks v. Silva,* 464 S.W.2d 931 (Tex.Civ. App.1971, no writ).

■ Even if execution were not deemed admitted, appellee has proved ownership by the introduction of the note and guaranty agreement into evidence,[1] and by appellants' admissions pertinent to its ownership.[2]

■ We also overrule appellants' contention that appellee failed to prove nonpayment of the note. Appellee proved nonpayment by introducing into evidence the original note, without any marks or indorsements. Such is *prima facie* proof of nonpayment. *Naylor v. Gutteridge,* 430 S.W.2d 726 (Tex.Civ.App.1968, writ ref. n. r. e.).

The judgment of the trial court is in all things affirmed.

Affirmed.

---

1. See: *Dickson v. Dickson,* 324 S.W.2d 442 (Tex.Civ.App.1959, no writ).

2. See: *Associates Investment Co. v. Baker,* 221 S.W.2d 363 (Tex.Civ.App.1949, writ dism'd).