JOY MANUFACTURING COMPANY, Appellant,

v.

BRIGGS WEAVER, INC., Appellee.

No. 4992.

Court of Civil Appeals of Texas, Eastland.

March 31, 1977.

Rehearing Denied April 28, 1977.

Chilton Bryan, Law Offices of Chilton Bryan, Houston, for appellant.

David Kitner, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

McCLOUD, Chief Justice.

This is a venue case. Plaintiff, Briggs Weaver, Inc., sued in Dallas County, the defendant, Joy Manufacturing Company, a foreign corporation authorized to transact business in Texas, for certain goods, merchandise, labor and material furnished defendant. Joy Manufacturing Company filed a plea of privilege stating it was a resident of Harris County. Defendant's plea of privilege was overruled and it has appealed. We affirm.

Plaintiff contends venue is proper in Dallas County because defendant's registered agent is located in Dallas County. We agree. Plaintiff pleaded and the record established that C. T. Corporation, Republic National Bank Building, Dallas, Texas, is defendant's registered agent for service.

The court in *Sheldon Petroleum Company et al. v. Peirce*, 546 S.W.2d 954 (Tex.Civ. App.—Dallas, 1977), recently held that a foreign corporation is a resident, for venue purposes, of the county in which its registered agent is located. Similar statements were made by the courts in *O. M. Franklin Serum Company v. C. A. Hoover & Son*, 410 S.W.2d 272 (Tex.Civ.App.—Amarillo 1966) writ ref'd n. r. e. per curiam, 418 S.W.2d 482 (Tex.1967); and *Ralston Purina Company v. Wiseman*, 467 S.W.2d 669 (Tex.Civ. App.—El Paso 1971, no writ).

The controlling authority and the case relied upon by the court in *Sheldon Petroleum Company*, supra, is *Ward v. Fairway Operating Company*, 364 S.W.2d 194 (Tex. 1963). There, the court was concerned with a domestic corporation and with the designation of a "registered office" as opposed to a "registered agent." As noted, however, in *Sheldon Petroleum Company* the statutory language requiring the designation of a registered office and a registered agent for domestic and foreign corporations is essentially identical. Tex.Bus.Corp.Act.Ann., arts. 2.09 and 8.08. The rule announced in *Ward* should apply to both domestic and foreign corporations.

Article 8.08 of the Texas Business Corporation Act provides:

"A. Each foreign corporation authorized to transact business in this State shall have and continuously maintain in this State:

(1) A registered office which may be, but need not be, the same as its place of business in this State.

(2) A registered agent, which agent may be either an individual resident in this State whose business office is identical with such registered office, or a domestic corporation, or a foreign corporation authorized to transact business in this State, having a business office identical with such registered office . . ."

The article clearly states that a registered agent's business office must be identical with the registered office. We consider, therefore, the cases dealing with the designation of a "registered office" to be persuasive. See: *United States Furniture Corp. v. Twilite Mobile Homes Mfg. Co.*, 355 S.W.2d 851 (Tex.Civ.App.—Dallas 1962, no writ); *Ricks-Maguire Company v. Oliver*, 373 S.W.2d 269 (Tex.Civ.App.—Amarillo 1963, no writ); *Texas Auto Services, Inc. v. Kemp*, 478 S.W.2d 646 (Tex.Civ.App.—Austin 1972, no writ); and *Evans Associated Industries, Inc. v. Evans*, 493 S.W.2d 547 (Tex.Civ.App.—Houston (1st Dist.) 1973, writ ref. n. r. e.).

Defendant principally relies upon *Shamrock Oil & Gas Corporation v. Todd*, 166 S.W.2d 766 (Tex.Civ.App.—Dallas 1942, no writ) in support of its argument that the designation of a registered agent residing in Dallas County does not, standing alone, make the defendant, for venue purposes, a resident of Dallas County. The rationale of *Shamrock Oil & Gas Corporation* was rejected by our Supreme Court in *Ward*, supra. See *Ward v. Fairway Operating Company*, 358 S.W.2d 143 (Tex.Civ.App.—Waco 1962), rev'd 364 S.W.2d 194 (Tex.1963). Furthermore, the court in *Shamrock Oil & Gas Corporation* was concerned with Article 2031a, Tex.Rev.Civ.Stat., which has been repealed.

The defendant is a resident of Dallas County, for venue purposes, because its registered agent is located in Dallas County. We have considered all of defendant's points of error and they are all overruled.

The judgment of the trial court is affirmed.