**John FERNANDEZ, Appellant,**

v.

**Willie D. STRONG, Appellee.**

**No. 8007.**

Court of Civil Appeals of Texas, Beaumont.

June 16, 1977.

Rehearing Denied June 30, 1977.

---

J. P. Cooney, Houston, for appellant.

Mike Lindsey, Beaumont, for appellee.

DIES, Chief Justice.

This is a venue case. Plaintiff Willie D. Strong sued John Fernandez, defendant, in Jefferson County for injuries he allegedly received on the shrimp boat "Capt. John" while shrimping off Key West, Florida.

Defendant filed a plea of privilege to be sued in Brazoria County, Texas, which was overruled, and brings this appeal.

Defendant owns six shrimp boats, four of which (including the "Capt. John") are registered in Freeport, Brazoria County, Texas; and the other two are registered in Key West, Florida. Defendant owns homes and maintains offices in both Freeport, Texas, and Key West, Florida. Six months of the year he resides in Freeport while his boats work the Gulf off Texas and Louisiana. The other six months he resides in Key West, Florida, while his boats work the Gulf off Key West, Florida. When in Freeport, his wife and daughter live with him, and his daughter attends school there. The same is true for the six months they reside in Key West. Defendant freely admitted he didn't know where his residence was, and when he left either place it was always with the intention of returning again in six months. Plaintiff was hired in Freeport, but, as aforesaid, alleged that he was injured off Key West. Defendant pays taxes in both places, holds both Texas and Florida driver's licenses, but votes in Key West. He pays his income tax in Georgia.

While the venue statute [Tex.Rev. Civ.Stat.Ann. art. 1995 (1964)] uses the term "domicile", this term has been interpreted to require only "residence", which is something less. *Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136, 139 (1951). In *Snyder, supra,* it was determined that while a person may have only one domicile, he may still have several residences. We are not called upon here to decide which is defendant's domicile, but undoubtedly he is a resident of Freeport, Brazoria County, Texas. Indeed, his ties with Brazoria County are

much stronger and more permanent than were Snyder's with Dallam County.

In 1906 in *Taylor v. Wilson,* 99 Tex. 651, 93 S.W. 109, the Supreme Court held that a citizen of New York domiciled in New York had established a residence for venue purposes in Jefferson County, Texas, while retaining his New York domicile.

■ Defendant being a resident of Texas, though he also is a citizen and resident of Florida, may invoke privileges conferred by venue laws of Texas. *Covington v. Eskridge,* 430 S.W.2d 589, 590 (Tex.Civ.App.—San Antonio 1968, no writ).

■ There is yet another reason why defendant is entitled to have this cause removed to Brazoria County. Plaintiff served defendant under Tex.Rev.Civ.Stat. Ann. art. 2031b (1965). That statute makes foreign residents doing business in Texas appoint the Texas Secretary of State as agent for service by operation of law. But it (*art.* 2031b) does not set the Texas County of venue in such cases. That is accomplished by Tex.Rev.Civ.Stat.Ann. art. 1995 § 3 (1964) (county in which plaintiff resides). Here we have no evidence where the plaintiff resides. The order of the trial court overruling the plea of privilege is reversed, and this cause is ordered transferred to the District Court of Brazoria County for trial. Costs are adjudged against appellee Willie D. Strong.

REVERSED and REMANDED with instructions.