**NATIONAL PUMP COMPANY, INC., Appellant,**

v.

**C & L MACHINERY COMPANY, INC., Appellee.**

No. 8872.

Court of Civil Appeals of Texas, Amarillo.

April 10, 1978.

Crenshaw, Dupree & Milam (Cecil Kuhne), Lubbock, for appellant.

Kemp, Smith, White, Duncan & Hammond (Royal Furgeson), El Paso, for appellee.

ROBINSON, Justice.

In this venue case, National Pump sued C & L Machinery in Lubbock County, Texas, on a sworn account for the unpaid balance of the sale price of irrigation pumps. C & L Machinery, a corporation, filed a plea of privilege to be sued in the county of its residence, Hudspeth County, Texas. National Pump filed a controverting affidavit, contending that venue was proper in Lubbock County under subdivision 23 of article 1995, Tex.Rev.Civ.Stat.Ann., which allows a suit against a corporation to be maintained in the county in which the cause of action or a part thereof arose. The trial court sustained defendant's plea of privilege, expressly finding that plaintiff failed to prove that its cause of action or a part thereof arose in Lubbock County. Plaintiff appeals. Affirmed.

Subdivision 23 of article 1995 provides an exception to the general rule that Texas defendants have the right to be sued in the county of their residence. In part, subdivision 23 provides that venue against a private corporation is proper "in the county in which the cause of action or part thereof arose." Three elements must be proved to establish this venue exception:

(1) that defendant is a private corporation,

(2) that plaintiff has a cause of action against such defendant, and

(3) that the cause of action or a part thereof arose in the county where venue is sought.

*Dina Pak Corporation v. May Aluminum, Inc.,* 417 S.W.2d 419 (Tex.Civ.App.—Corpus Christi 1967, no writ). The burden was on plaintiff National Pump to prove all three elements. *Liberty Mutual Insurance Company v. Heard & Jones Drug Stores, Inc.,* 446 S.W.2d 911 (Tex.Civ.App.—Amarillo 1969, no writ). Defendant C & L Machinery conceded that the first two venue facts were established, but contends that the trial court properly sustained the plea of privilege because no part of the cause of action arose in Lubbock County.

■ To maintain venue under subdivision 23 of article 1995, either some part of the transaction creating the primary right or duty of one toward another, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought. *Stone Fort National Bank of Nacogdoches v. Forbess,* 126 Tex. 568, 91 S.W.2d 674 (1936).

Plaintiff contends that it established as a matter of law and as a matter of fact that its cause of action, or a part thereof, arose in Lubbock County because plaintiff's home office was in Lubbock; the pumps sold by plaintiff to defendant were manufactured in Lubbock; the order was received by plaintiff in Lubbock; the pumps were transported by plaintiff from its place of business in Lubbock by truck to defendant, and checks in partial payment of the sale price were received by plaintiff at its office in Lubbock.

The trial court made the following findings of fact on the specific contentions raised by plaintiff: (1) plaintiff's offer to sell pumps was accepted by defendant in Hudspeth County, Texas; (2) plaintiff manufactured the pumps in Lubbock and caused them to be delivered to defendant in Hudspeth County; (3) the place of payment was not specified, but each of five payments was made in Hudspeth County.

■ Findings of fact entered by the trial court are of equal dignity with jury findings in response to special issues, and will be sustained if there is some evidence of probative value to support them and they are not against the great weight and preponderance of the evidence. *Loeb, Rhoades & Co. v. Stanley,* 541 S.W.2d 869 (Tex.Civ. App.—Corpus Christi 1976, no writ). Considering the evidence in the light most favorable to the judgment, we conclude that each of the findings is supported by evidence. Furthermore, after considering all of the evidence we conclude that the findings are not so against the great weight and preponderance of the evidence as to be unjust.

■ Plaintiff's contention that a part of its cause of action arose in Lubbock County because its home office was in Lubbock and the pumps were manufactured there is also overruled. This same argument was discussed and rejected in *Payne & Keller, Inc. v. Southwest Tank & Treater Company,* 491 S.W.2d 464, 467 (Tex.Civ.App.—Tyler 1973, no writ). The court expressly held that the sole fact that the goods were manufactured in Rusk County, the home office of the corporate plaintiff, did not give rise to the alleged cause of action or a part thereof.

Plaintiff-appellant's points of error, claiming that facts contrary to the trial court's findings were established by the evidence as a matter of law or as a matter of fact, are overruled. The order of the trial court sustaining defendant's plea of privilege is affirmed.