Jimmie Lee KUEHN, Appellant,

v.

Anna Louise KUEHN, Appellee.

No. A2210.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 9, 1980.

Jack E. Urquhart, James H. Powers, Houston, for appellant.

Burta Rhoads Rabon, Beverly D. Rudy, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal challenging the property division made by the court in a divorce action.

Appellee, plaintiff below, requested conservatorship of the minor children, child support, and a property division. Appellee filed an inventory and appraisement of the properties pursuant to Rule 6B of the Rules of the Judicial District Court of Harris County, Family Trial Division (Rule 6B). Appellant failed either to answer or file an inventory. Appellee appeared at trial, both in person and by counsel, and testified. Appellant appeared by counsel only and offered no evidence during trial. The trial court granted the divorce, awarding the appellee the managing conservatorship of the minor children and child support and dividing the property. Appellant contests only the property division.

In appellant's first three points of error, he challenges the awarding of two contiguous one-acre tracts to appellee on three bases. First, he contends that the tracts were his separate property because the purchase money was derived from funds he had before the marriage. The evidence upon which he relies is the following testimony of appellee:

Q: (Mr. Urquhart) Mrs. Kuehn, when was the house purchased?

The two lots, were they both purchased after your marriage?

A: That is true.

Q: Were they both purchased with community funds?

A: What do you mean, "community funds"?

Q: Isn't it true, in fact, that both of the lots were purchased, the down payment for them was paid out of the funds that Mr. Kuehn had in a separate account prior to the time you were married?

A: If I remember right, I wrote the checks.

Q: Out of Mr. Kuehn's account?

A: No, out of the joint account.

Q: Is it your position that the property was not purchased with Mr. Kuehn's personal funds?

MS. RABORN: I object. She has answered the question.

It was paid for out of the joint account, and she wrote the check.

THE COURT: Do you understand the question?

THE WITNESS: Huh-uh

Q: (By Mr. Urquhart) Mrs. Kuehn, are you testifying that Mr. Kuehn did not purchase the property with funds he had prior to the time you were married?

A: He had put money in our joint account.

At the time we bought the property—do we have that—I think we had been married over a year.

Q: It is true, isn't it, the property was actually purchased with funds that Mr. Kuehn had before you were married?

A: I guess so.

Q: That is true?

A: He had some money, and it was put into a joint account.

Q: But, the money—

MS. RABORN: Your honor, I object. He is continuing being argumentative with the witness.

Appellant claims this testimony conclusively establishes, as a judicial admission by appellee, that the lots were purchased with appellant's separate funds. We disagree. The rules governing a judicial admission require that the statement made during a judicial proceeding be deliberate, clear, and unequivocal. We hold that appellee's testimony, quoted above, falls short of that standard.

■ Appellant claims in the alternative that the evidence is sufficiently clear and direct to rebut the statutory presumption that all property possessed at the dissolution of the marriage is community property. Tex.Fam.Code Ann. § 5.02 (Vernon 1975). In *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975) the Supreme Court reiterated, "In order to overcome the presumption, the party asserting separate ownership must clearly trace the original separate property into the particular assets on hand during the marriage." Appellee's testimony establishes that an unspecified amount of separate funds of appellant was placed in a joint account at one point in time and at a later date, funds were withdrawn from the account for the down payment on the lots in question. Appellant offered no evidence of how much of his separate funds was deposited in the account, whether funds from other sources were placed in the account, or what other expenditures were made therefrom. This gap in tracing is fatal to appellant's contention. Appellant points out that where an account contains both community and separate funds, the community funds are presumed to be withdrawn first. *Sibley v. Sibley*, 286 S.W.2d 657 (Tex.Civ.App.–Dallas 1955, writ dism'd). However, the application of this rule to the facts before us would buttress the presumption that the house and lots were paid for with community funds absent clear evidence that there were no community funds in the account at the time the withdrawals were made for the purchase of the lots. We hold that appellant has failed to introduce sufficient evidence to overcome the community property presumption under Tex.Fam.Code Ann. § 5.02 (Vernon 1975).

As a result of the above holdings it is clear that the trial court did not divest either spouse of a separate property interest in the tracts in question.

■ Appellant contends that the division of community property was "manifestly unfair and unjust to the rights of the appellant." In support of this contention appellant assigns twenty points of error wherein he alleges that there is no evidence or insufficient evidence to support certain findings of fact. In points five and six appellant contends there is no evidence or insufficient evidence that the real estate owned by the parties had a fair market value of $62,030.00. This contention is based on the allegation that the only evidence supporting such a finding is the testimony of appellee. Appellee's testimony was based solely upon the property valuation made by the school district taxing authorities. She admitted she had no independent opinion as to the value of the real estate. A well established rule is that the value placed upon real estate for taxation purposes without the participation of the owner cannot be used to determine the fair market value of that real estate. *Houston Lighting and Power Co. v. Fisher*, 559 S.W.2d 682, 686 (Tex.Civ.App.–Houston [14th Dist.] 1977, writ ref'd n.r.e.); Such evidence is hearsay, *West v. Houston Lighting and Power Co.*, 483 S.W.2d 352, 358 (Tex.Civ.App.–Houston [1st Dist.] 1972, no writ) and consequently cannot support a finding of fact even though there was no objection to the testimony at trial. *Perkins v. Springstun*, 557 S.W.2d 343 (Tex.Civ.App.–Austin 1977, writ ref'd n.r.e.). However, the trial court is vested with broad discretion in dividing the property of parties in a divorce under Tex.Fam.Code Ann. § 3.63 (Vernon 1975) and its exercise of such discretion should be reversed on appeal only where it is shown that the disposition is manifestly unjust and unfair. *Bell v. Bell*, 540 S.W.2d 432, 439 (Tex.Civ.App.–Houston [1st Dist.] 1976, no writ). Appellant is correct that the trial court erred in arriving at its valuation of the real estate, but since he failed to introduce any evidence of his own as to the true value of the assets awarded to each of the parties, we are unable to determine whether the division constituted an abuse of discretion. Appellant would have us judicially note that the fair market value of real estate frequently exceeds the valuation placed on it by taxing authorities. However, he cites no authority for this proposition and for us to do so would not satisfy his burden of dem-

onstrating abuse of discretion by the trial court. We hold that the failure of the evidence to support the finding of fact by the trial court as to the value of the real estate did not, of necessity, result in an abuse of its discretion in dividing the property of the parties. *Preston v. Preston*, 453 S.W.2d 389 (Tex.Civ.App.–El Paso 1970, no writ); *Turman v. Turman*, 99 S.W.2d 947 (Tex.Civ.App.–Fort Worth 1936), *cert. denied*, 301 U.S. 698, 57 S.Ct. 933, 81 L.Ed. 1353 (1936).

■ In points seven and eight appellant contends that there is no evidence or insufficient evidence of a deferred federal income tax liability of $12,320.00 against the real estate which the court used to reduce its fair market value. For reasons discussed above, we hold that appellant has nevertheless failed to demonstrate that the trial court abused its discretion.

■ In points nine, ten, seventeen, and eighteen appellant contends there is no evidence or insufficient evidence to support the court's findings that appellant had withdrawn sums of $13,353.00 and $907.86 from the parties' Port Terminal Credit Union account. He alleges that the only evidence that he made these withdrawals is documents introduced into evidence (allegedly for a limited purpose) which fall short of qualifying as "business records" under Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp. 1978–1979). Appellant concedes that the appellee satisfied part of the requirements of the statute, but points out on appeal that it was not shown that the employee who either made the record or transmitted the information had personal knowledge of the event recorded, or that it was made at or near the time of the act, event or condition or reasonably soon thereafter as required by Tex.Rev.Civ.Stat.Ann. art. 3737e, § 1(b) and (c) (Vernon Supp. 1978–1979). However, appellant's objection at trial did not point out these deficiencies and in fact, by its terms, led the court and appellee to believe he had no objection. Appellant made his objection as follows:

MR. URQUHART: I object to them being offered to prove that James L.

Kuehn's signature has appeared on there, or these accurately reflect transactions which Mr. Kuehn has made in the account.

MS. RABORN: Your Honor, we are offering them as business records of Port City Terminal, and we intend to use them as evidence for later testimony by Mrs. Kuehn.

MR. URQUHART: On that basis, I have no objection.

THE COURT: All right. They will be admitted.

We, therefore, hold that appellant waived his objection to the qualification of the records under Article 3737e. In addition, the records were verified by the testimony of the Port Terminal Credit Union employee. She stated that she had personally received the phone call from appellant requesting the withdrawals and, in response, mailed the checks for the amounts withdrawn to appellant by certified mail, return receipt requested (though no receipt was produced in evidence). This constitutes additional evidence sufficient to support these findings.

■ In points thirteen and fourteen, appellant contends there is no evidence or insufficient evidence to support the finding that appellant received repayment of a $6,000.00 loan. Appellee introduced into evidence the note, marked by appellee "Paid in Full" and testified as to the circumstances surrounding the making of the loan. She further testified that the loan had been repaid to appellant and that she "never saw the money" after it was repaid. Appellant neither objected to the introduction of the note as evidence nor introduced any evidence of his own to rebut that of appellee. Consequently, we hold there was sufficient evidence to support the trial court's finding that appellant received the repayment of the loan.

■ In points eleven, twelve, fifteen, sixteen, and nineteen through twenty-four, appellant contests findings that he retained various funds to the exclusion of appellee, including withdrawals from the Port Terminal Credit Union and the loan repayment,

discussed above, funds withdrawn from the Houston Area Teachers Credit Union, and eight thousand dollars of appellant's salary never deposited in an account to which appellee had access. With regard to each sum, we find appellee's testimony, wherein she denies having seen the funds or benefitted from them, sufficient to support the contested findings.

The appellant having failed to demonstrate by direct evidence or by implication that the trial court abused its discretion in dividing the property, judgment of the trial court below is affirmed in all respects.

Affirmed.