POOL CO. d/b/a Pool Offshore Co. and Livingston Oil Well Service, Inc., Appellants,

v.

HYDRA–RIG, INC., Appellees.

No. 18626.

Court of Appeals of Texas, Fort Worth.

Nov. 19, 1981.

Rehearing Denied Dec. 17, 1981.

Eric D. Archer, Frank H. Hope, Jr., Dallas, for appellants.

Owen, Michener, Swindle, Whitaker & Pratt and Mack E. Swindle, Ragan S. Tate, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from an order overruling the appellants' pleas of privilege. Appellee relies upon Tex.Rev.Civ.Stat.Ann. art. 1995, subdivisions 23, 27, and 29a (1968), to maintain venue in Tarrant County.

We affirm.

Appellee manufactures oil field equipment in Tarrant County, known as hydraulic pulling/snubbing units.

Appellee sued appellants in district court, Tarrant County, for damages claimed for breach of contract.

It is alleged that (a) Jerry Shanklin, as representative of appellant Pool Company, orally agreed, in Louisiana, to purchase six units to be manufactured in Tarrant County by appellee; (b) appellee sent Shanklin written confirmation; (c) Shanklin then directed appellee to deliver the units to Pool Company's Louisiana affiliate, appellant Livingston Oil Well Service, Inc.; (d) Red Wimbish, representing Livingston, came to Tarrant County and negotiated modifications of two of the units; (e) payment was received for the first two units built and delivered; (f) Shanklin cancelled the order of the four remaining units after appellee had purchased all the necessary materials and had substantially completed two of the four.

Each appellant filed a plea of privilege. Pool Company alleged itself to be a Texas Corporation with its principal office in Dallas County.

Livingston Oil Well Service, Inc. alleged itself to be a foreign corporation with a registered agent for service in Harris Coun-

ty. Livingston's plea further swears that the company is not a Texas resident, is not doing business here, and has no principal place of business in this state.

By its language, art. 1995 reserves its privilege only for persons who are inhabitants of this state. *O. F. Mossberg & Sons, Inc. v. Sullivan,* 591 S.W.2d 952 (Tex.Civ. App.—Austin 1979, no writ).

■ However, for venue purposes, a foreign corporation is a resident of the county in which its registered agent is located at the time suit is filed. *Joy Mfg. Co. v. Briggs Weaver, Inc.,* 549 S.W.2d 768 (Tex. Civ.App.—Dallas 1977, writ dism'd).

■ A person with a "venue residence" in Texas may claim the privileges of art. 1995, while simultaneously a citizen and resident of another state. *Fernandez v. Strong,* 557 S.W.2d 528 (Tex.Civ.App.— Beaumont 1977, writ dism'd); *Covington v. Eskridge,* 430 S.W.2d 589 (Tex.Civ.App.— San Antonio 1968, no writ).

Because subdivision 29a must draw its foundation from other subdivisions and will not stand alone, we direct our attention to subdivisions 23 and 27.

Appellants' pleas of privilege admit to being corporations. Appellee does not contend that either of the appellants has its principal office, or an agent or representative in Tarrant County.

Appellee does contend that its suit is for damages for breach of contract, and that the contract was partly made in Tarrant County.

Under subdivisions 23 and 27, the controverting pleas, and the facts of this case, appellee must have proven that (1) appellee has a cause of action against the appellants; and (2) the cause, or part thereof, arose in Tarrant County. *Stonewall Insurance Company v. Donald,* 475 S.W.2d 876 (Tex. Civ.App.—Fort Worth 1972, writ dism'd); *Van Waters & Rogers, Inc. v. Kilstrom,* 456 S.W.2d 570 (Tex.Civ.App.—Waco 1970, no writ); *Appell Petroleum Corp. v. G. W. Townsend Lease Serv.,* 375 S.W.2d 547 (Tex.Civ.App.—Corpus Christi, 1964, no writ).

As to Pool Company, the appellant that is a Texas Corporation subdivision 27 will not apply. *Mobile County Mutual Insurance Company v. Romack,* 481 S.W.2d 916 (Tex. Civ.App.—Houston [14th Dist.] 1972, no writ).

With regard to both subdivisions 23 and 27, however, the term "cause of action" has the same meaning, *Delhi Gas Pipeline Corporation v. Allgood,* 492 S.W.2d 651 (Tex. Civ.App.—Tyler 1973, no writ).

■ A *cause of action* on a contract arises either within the county where the contract is made or where it is breached. *El Laredo, Inc. v. Orr,* 321 S.W.2d 624 (Tex. Civ.App.—Fort Worth 1959, no writ); *Gleason v. Southwestern Sugar & Molasses Co.,* 214 S.W.2d 640 (Tex.Civ.App.—Waco 1948, no writ).

We then turn to the appellants' eight points of error which alternately contend there was no evidence or insufficient evidence as to any of the requisite elements of proof necessary to sustain venue in Tarrant County, under subdivisions 23, 27, or 29a.

■ Since there are no findings of fact or conclusions of law, we must presume that the trial court made the findings necessary to support its order, if there is sufficient evidence to support such findings. *Lubbock Mfg. Co. v. Sames,* 575 S.W.2d 588 (Tex.Civ. App.—Beaumont, 1978, aff'd); *Sheldon Petroleum Co. v. Peirce,* 546 S.W.2d 954 (Tex.Civ.App.—Dallas 1977, no writ); *Brazos Valley Harvestore Systems, Inc. v. Beavers,* 535 S.W.2d 797 (Tex.Civ.App.— Tyler 1976, writ dism'd).

■ This court must indulge every reasonable intendment in favor of the decision of the trial judge. *American Empire Life Insurance Company v. Hakim,* 312 S.W.2d 739 (Tex.Civ.App.—El Paso 1958, no writ). Also, if there is evidence to support a presumed finding of the trial court, we must accept the evidence as true and sustain the trial court's finding. *Sheldon Petroleum, supra; Wallace v. Income Properties/Equity Trust, Etc.,* 538 S.W.2d 17 (Tex.Civ.App. —Austin 1976, writ dism'd).

That the appellants refuse to pay for the four remaining items of equipment is not controverted.

The only witness in the plea of privilege hearing was Thomas L. Elliston, appellee's president. He testified that he was personally familiar with the transactions between appellee and the appellants.

Through the witness, appellee introduced into evidence, with no objection by appellants, four written acknowledgements of the alleged verbal purchase orders. The witness' testimony was consistent with the summary of allegations, *supra.*

Appellee argues that the verbal negotiations, and subsequent written acknowledgements from the appellees to the appellants, created the contract that is the basis for this suit. Appellee relies upon Tex.Bus. & Comm.Code Ann. § 2.204(a) (1968):

"(a) A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract."

The uncontroverted evidence shows that within ten days after each of its written acknowledgements, appellee had not received objections from the appellants. Sec. 2.201(b) of the Code provides:

"(b) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of Subsection (a) against such party unless written notice of objection to its contents is given within ten days after it is received."

We conclude that the pleadings of both the appellants and the appellee show all of them to be *merchants*, within the definition of § 2.104 of the Code:

"(a) 'Merchant means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction . . . ."

Based upon the evidence, we may presume that the trial court found that the appellee's written acknowledgements of the verbal purchase orders qualified as a contract under the Business and Commerce Code sections quoted above.

We may presume that, based upon the evidence, the trial court also found the parties had formed a contract under Tex.Bus. & Comm.Code Ann. § 2.201(c)(1) (1968), upon which the appellee relies. That section provides:

"(c) A contract which does not satisfy the requirements of Subsection (a) but which is valid in other respects is enforceable

'(1) if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement;' . . ."

Appellants attack Mr. Elliston's testimony about the transactions as hearsay and therefore lacking any probative value. He testified that a part of the contract was negotiated in Tarrant County; that he met in that county with Livingston's Red Wimbish and there negotiated modifications to the original contract; and that there were three meetings in Tarrant County between himself and Mr. Wimbish.

Based upon the evidence, we may presume that the trial court concluded that, as a matter of law, Mr. Elliston's testimony of negotiations in Tarrant County was admissible as an exception to the hearsay rule.

Such testimony is admissible to prove that negotiations did occur in Tarrant, and not to prove the truth or falsity of statements there made by Mr. Wimbish. The testimony has the legal significance of tending to establish the fact that the contract was partly negotiated and made in Tarrant County, irrespective of the truth or falsity of things said during those negotiations. *Sanders v. Worthington*, 382 S.W.2d 910 (Tex.1964); *Zurich Insurance Company v. Wiegers*, 527 S.W.2d 511 (Tex.Civ.App.—Austin 1975, no writ); *Irving Lumber Com-*

pany v. Alltex Mortgage Company, 446 S.W.2d 64 (Tex.Civ.App.—Dallas 1969, aff'd at 468 S.W.2d 341, Tex.1971).

Further, " '[c]onversations between the parties and testimony as to what was said and done by them while a business transaction was being arranged and the transaction was depending [sic] are admissible as part of the res gestae.' " Olvey v. Jones, 156 S.W.2d 977 (Tex.Com.App.1941).

Standing alone, the uncontroverted fact that appellee manufactured the equipment in Tarrant County does not prove that the appellee's cause of action arose in that county. National Pump Co., Inc. v. C & L Mach. Co., Inc., 565 S.W.2d 331 (Tex.Civ. App.—Amarillo 1978, no writ); Payne & Keller, Inc. v. Southwest Tank & Treater Co., 491 S.W.2d 464 (Tex.Civ.App.—Tyler 1973, no writ).

When coupled with contract negotiations in the same county, however, the place of manufacture is a material link in the chain of proof establishing that the cause of action arose in Tarrant County. Taken together, the negotiations and manufacture in Tarrant County demonstrate that part of the transaction creating the primary rights or duties of each party occurred in the county where suit is brought. This satisfies the requirements of subdivision 23. Stone Fort Nat. Bank of Nacogdoches v. Forbess, 91 S.W.2d 674 (Tex.1936); National Pump, supra.

Appellants urge that the written acknowledgements which partly form the contract are not competent evidence, because appellee failed to lay a proper predicate for their admission as business records under Tex.Rev.Civ.Stat.Ann. art. 3737e § 1 (Supp. 1980–81). The statute provides:

"Section 1. A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:

"(a) It was made in the regular course of business;

"(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

"(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter."

We note, however, that during the hearing, appellants stated to the trial court that they had no objection to the introduction of the documents. We hold that the failure to object at trial waived the right to complain on appeal. Kuehn v. Kuehn, 594 S.W.2d 158 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

We conclude that, taken as a whole, Mr. Elliston's testimony furnished the trial court sufficient evidence upon which to admit the documents into evidence as business records of the appellee.

Appellants' points of no evidence have required us to consider only the evidence supporting the trial court's order; and to disregard all contrary evidence. Glover v. Texas Gen. Indem. Co., 619 S.W.2d 400 (Tex.1981); Butler v. Hanson, 455 S.W.2d 942 (Tex.1970).

We find there was evidence that the appellee has a cause of action against the appellants, which partly arose in Tarrant County.

We have considered all of the evidence, and it is sufficient to support a finding by the trial court that the appellee has sustained venue against appellant Pool Company under subdivision 23; and against Livingston, under subdivision 27.

It is therefore unnecessary to consider subdivision 29a.

Appellants' points of error are each overruled, and judgment of the trial court is affirmed.

### OPINION ON MOTION FOR REHEARING

Appellants have filed a motion for rehearing assigning nine points of error.

Pursuant to Tex.R.Civ.P. 455, appellants also request that we make and file supplemental findings upon the following evidentiary matters:

1. The evidence, or basis in the record, upon which the Court of Appeals finds that appellant Livingston was a principal or actual party to the alleged contract upon which appellee attempted to prove a cause of action for venue purposes.

2. The evidence or basis in the record upon which the Court of Appeals finds that appellant Livingston either made or breached a contract with the appellee.

3. The evidence or basis in the record upon which the Court of Appeals finds that the witness Elliston possessed sufficient knowledge of the accuracy, or completeness of the documents with regard to which he testified in order to render either his testimony or the documents of any probative value.

Rule 455 does not compel us to make evidentiary findings or repeat the evidence of the trial court record. *City of Beaumont v. Graham*, 441 S.W.2d 829 (Tex.1969). Indeed, we have no jurisdiction to make evidentiary findings. *Moore v. Copeland*, 478 S.W.2d 573 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.).

Appellants also request that we make the following supplemental finding:

4. The basis upon which the Court of Appeals concludes that Mr. Elliston's testimony relating to the original negotiations, the execution or making of the alleged contract, and the terms and delivery schedules of the alleged oral contract in question was not hearsay.

The basis upon which we concluded that the trial court admitted Mr. Elliston's testimony as an exception to the hearsay rule is set forth in our original opinion.

We find that the evidence is factually sufficient to support the implied findings of the trial court.

The motion for rehearing is overruled.