Walter W. GREVE and Lois I. Greve, Appellants,

v.

Oscar COX, Jr., Appellee.

No. 05–84–00015–CV.

Court of Appeals of Texas, Dallas.

Dec. 5, 1984.

Mark E. Bentley, Dallas, for appellants.

John O. MacAyeal, Mesquite, for appellee.

Before AKIN, VANCE and ALLEN, JJ.

ALLEN, Justice.

Walter W. and Lois I. Greve, husband and wife, appeal from a judgment awarding earnest money held by Hexter Fair Title Company to interpleader defendant, Oscar Cox, Jr.

Appellants contend that the court erred: (1) in finding a binding contract between Walter W. Greve and Oscar Cox, Jr. in absence of Lois Greve's signature on the contract; and (2) in not declaring the contract terminated because a V.A. loan was not obtained by Walter W. Greve. We reject appellants' contentions and, accordingly, affirm the trial court's judgment.

On March 12, 1982, Walter Greve and Oscar Cox, Jr. affixed their signatures to a real estate contract which showed Walter W. Greve and wife Lois I. Greve as "buyer." Walter Greve deposited the earnest money with Hexter Fair Title Company as required and applied for a V.A. loan. After viewing the property a second time, Lois Greve declared that she would not sign the purchase contract. Walter Greve notified Hexter Fair that Lois would not sign the contract, contended that no binding contract ever came into being, and demanded return of earnest money. Hexter Fair refused to return the money to Greve, thus Greves' suit against Hexter Fair. Hexter Fair answered and interpled all parties and deposited the earnest money in the court's registry. Cox answered by general denial only. The main question before the trial court was whether the Greves or Cox is entitled to the earnest money interpled by Hexter Fair. Trial was to the court which rendered judgment for Cox and the Greves appeal.

We look to the contract introduced in evidence by appellants and note that a completed agreement is shown on the four corners thereof along with the signatures of Walter Greve, as buyer, and Oscar Cox, Jr., as seller. Greve admits depositing the earnest money in compliance with the contract terms.

A contract for the sale of real estate is an agreement which binds the purchaser to buy and the seller to sell in accordance with the terms of the contract. *Lefevere v. Sears*, 629 S.W.2d 768, 770 (Tex.Civ.App.—El Paso 1981, no writ). The mutual promises—one by the seller to sell and one by the buyer to buy and pay for the land—are sufficient consideration. *Cowman v. Allen Monuments, Incorporated*, 500 S.W.2d 223, 227 (Tex.Civ.App.—Texarkana 1973, writ dism'd). Therefore, we overrule Greves' first ground of error and hold that Greve and Cox entered into a binding contract for the sale of real estate. The absence of Lois Greve's signature did not affect the rights, duties, and liabilities of Greve and Cox under contract.

In their second point of error, the Greves maintain the contract terminated on the date of closing because they never obtained a V.A. loan as required under the

contract. Since there are no findings of fact or conclusions of law, we must presume that the trial court made findings necessary to support its order, if there is sufficient evidence to support such findings. *Pool Co. v. Hydra-Rig, Inc.*, 626 S.W.2d 320, 322 (Tex.App.—Fort Worth 1971, no writ).

In reviewing the evidence, we must indulge every reasonable intendment in favor of the decision of the trial court. *American Empire Life Insurance Company v. Hakim*, 312 S.W.2d 739 (Tex.Civ. App.—El Paso 1958, no writ). Also, if there is evidence to support a presumed finding of the trial court, we must accept the evidence as true and sustain the trial court's finding. *Wallace v. Income Properties/Equity Trust, Etc.*, 538 S.W.2d 17 (Tex.Civ.App.—Austin 1976, writ dism'd).

At trial, Mr. Greve stated that he had no way of knowing if his V.A. loan had been approved. Cox testified, however, that the Greve loan had been approved. Thus, we may presume, based on the trial testimony of Cox, that the court concluded Greves' V.A. financing was approved. Accordingly, the Greves' second point of error is also overruled.

By the terms of the agreement, the parties plainly expressed the intention that upon default of the purchaser, the seller would have the right to either retain the cash deposit as liquidated damages or sue for specific performance. These provisions are enforceable. *Brewer v. Myers*, 545 S.W.2d 235 (Tex.Civ.App.—Tyler 1976, no writ ref'd n.r.e.). We affirm, therefore, the judgment of the trial court awarding Cox the earnest money as liquidated damages.